CHARLES P. BURR & COMPANY, plaintiffs in error, *vs.* WILLIAM H. HOWARD & SONS, defendants in error.

Whether an order for the purchase of goods, given by an agent, was ratified by the principal, if given without authority, is a question of fact for the jury, under the charge of the court, and not a question of law to be determined by the latter.

Principal and Agent. Ratification. Before Judge GIBSON. Richmond Superior Court. October Term, 1876.

Reported in the decision.

J. GANAHL, for plaintiffs in error.

H. CLAY FOSTER, for defendants.

WARNER, Chief Justice.

The plaintiffs brought their action against the defendants to recover the sum of $191.80, the alleged loss sustained in consequence of the refusal of the defendants to receive and pay for a car-load of bacon, shipped by the plaintiffs, at St. Louis, Missouri, to them, at Augusta, Georgia. On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the defendants. The plaintiffs made a motion for a new trial on the ground that the verdict was against the evidence and the principles of justice and equity, and for alleged error in the charge of the court to the jury.

The court overruled the motion, and the plaintiffs excepted.

It appears from the evidence in the record, that Harris & Carwile were meat-brokers in the city of Augusta, and, in that capacity, Carwile approached one of the defendants and offered to sell him some bacon at the price of $11\frac{1}{4}$ cents, as he thought he could do, on sixty days' time at 10 per cent. The offer was $\frac{1}{4}$th cent under quotation. The defendant told witness that he might make the offer for him, and would give him three days to hear therefrom. The witness made the offer by telegraph to McFerran, Armstrong & Co., Louisville, and to the plaintiffs, at St. Louis. On the second day, witness received a telegram from McFerran, Armstrong & Co., declining the offer, of which he immediately notified the defendant, who said he was glad the offer had been declined. On the third day, witness received a telegram from the plaintiffs, at St. Louis, accepting the offer, which he took in his hand and carried to the defendant, and told him that "we (Harris & Carwile) were in trouble: that

the meat was being shipped, and told him the reason that I had sent the offer to two houses was, because that I feared that the offer might not be accepted by the one, and, after receiving first telegram declining, had supposed the second would be likewise." The defendant replied, " I am sorry it is coming; but, as the matter has gone this far, and as it is you, boys, let it come, and I will help you out."

In the conversation, witness told defendant to allow the bacon to come on, and that they (Harris & Carwile) would undertake to sell some of it for him, if there should prove to be more than enough for his trade. Defendant said he would determine that question when the bacon came. A few days afterwards, witness met defendant, when he remarked, that " we (Harris & Carwile) must not charge any commission, as meat was going down." Defendants refused to receive the bacon when it came, and pay for it. If defendants had not acquiesced in the shipment of the bacon, the plaintiffs could have been telegraphed to in time not to ship. This was, substantially, the evidence for the plaintiffs.

W. H. Howard, of the firm of Wm. H. Howard & Sons, a witness for the defendants, denied the authority of Harris & Carwile to purchase the bacon from the plaintiffs for them, or that they ever ratified the same ; did say, when Carwile told him he was in trouble, that the order was unauthorized, but, as it had gone that far, he would help him all he could, and to let the bacon come; meant, by saying " let it come," etc., that he would purchase some from them.

The only question made, on the argument of the case before the jury, was whether the defendants gave or ratified the order for the bacon in question. The court charged the jury, at the request of plaintiffs' counsel : " If Howard's language, at the time of the alleged ratification, was doubtful, or equivocal, then it must be construed strongest in favor of the plaintiffs, and against the defendants." The court also charged the jury, amongst other things, that ratification may be by words, acts, or otherwise, but the words used must be sufficient to mean a ratification. " Now;

I charge you, that these words, 'let it come,' 'I will help you through,' or words to that effect, do not amount to a ratification." This latter part of the charge of the court was error, in view of the evidence contained in the record. The question of ratification was a question of fact for the jury, under the evidence, and not a question for the court to decide—Story on Agency, section 253 ; *Byrne vs. Doughty*, 13 *Ga. Rep.*, 46.

Let the judgment of the court below be reversed.