## HALE *v.* ROBERTSON & COMPANY.

1. Where upon the trial of a claim case the claimant seeks, as against the execution levied, to show in support of his title four years adverse possession by himself and those under whom he claims, under a conveyance from the defendant in execution, both a bona fide purchase and entry by the claimant and his privies, and such possession, are essential to his protection against the lien of the judgment upon which the execution issued, and upon the trial of the issue touching the bona fides of the purchase and entry of the claimant and his privies, it is competent for the immediate vendee of the defendant in execution to testify affirmatively that she bought and entered in good faith and without any intent to hinder, delay or defraud creditors of the defendant. Such testimony would amount to the statement of a fact, and would not be the statement of a mere conclusion of the witness.

2. The possession contemplated by the statute does not necessarily involve an actual personal residence upon the premises, but such occupancy by visible signs of dominion as will serve to put persons interested upon notice of the adverse claim.

Argued January 8,—Decided January 21, 1897.

Levy and claim. Before Judge Lumpkin. Fulton superior court. March term, 1896.

*Hines & Hale*, for plaintiff in error.

*Simmons & Corrigan*, contra.

SIMMONS, Chief Justice.

This was a claim case. There was a verdict finding the property subject, and to the overruling of his motion for a new trial the claimant excepted. The claim was interposed to the levy of an execution upon an undivided half-interest in a certain city lot; and the case turned upon the question whether or not the property levied upon was discharged from the lien of the judgment, under that section of the code which provides that "when any person has bona fide, and for a valuable consideration, purchased real . . property, and has been in the possession of such real property for four years, . . the same shall be discharged from the lien

·of any judgment against the person from whom he pur-
·chased." (Civil Code, §5355.) There was evidence that
the claimant and his privies had been in possession of the
land for more than four years, under a purchase from the de-
fendant in execution; and for the purpose of showing the
bona fides of the purchase, counsel for the claimant, while
interrogating as a witness the immediate vendee of the de-
fendant in execution, asked her whether she bought in good
·faith, or with an intention to hinder, delay or defraud the
·vendor's creditors. The court ruled out this question, upon
the objection of counsel for the plaintiff in execution, that it
·sought a conclusion of the witness, and not a fact; and this
is complained of in the motion for a new trial.

1. We think the court erred in this ruling. Whether a party
·should be permitted to testify directly as to his motives or
intention is a question upon which courts have differed. This
court, however, has held such testimony proper. In the case
of *Royce* v. *Gazan*, 76 *Ga.* 79, upon the issue whether a·
·sale to the claimant was bona fide, the trial judge permitted
counsel for the claimant to ask the latter what his object
was in buying the goods, although counsel for the plaintiff
objected that the intent or purpose could not be proved in
·that way, it being a conclusion to be derived from the facts.
Error was assigned upon this ruling, but this court sustained
·the ruling, and held that "a party may testify to his inten-
·tion. It is evidence to be considered, but the facts—all the
:facts—are to be considered to arrive at the truth respecting
his real motive." See also *Powell* v. *Watts*, 72 *Ga.* 770(4).
In 1 Jones, Evidence, §145, it is said: "When the good faith
of a party is in issue, the proof is not confined to circum-
·stances from which such good faith may be inferred, but the
·witness may state directly that he acted in good faith." And
see Id. 167, where numerous decisions to this effect are
·cited. See Gardon v. Woodward, 44 Kan. 758, and note to
that case, 21 Am. State Rep. 314; Thacher v. Phinney, 7
.Allen, 166; Snow v. Paine, 114 Mass. 520; Seymour v. Wil-

son, 14 N. Y. 567; Wilson *v.* Clark, 1 Ind. App. 152; Over
*v.* Schiffling, 102 Ind. 191; Watkins *v.* Wallace, 19 Mich.
57.  Also, 1 Whart. Ev. §508.

Whether one has acted in good faith or not is better
known to himself than to anybody else; and in many cases
the statement of the person whose conduct is in question
that he did so act is the only way in which good faith can be
proved.   The objection sometimes made to such testimony,
that it cannot be directly contradicted, and therefore must
be of little value, is one which might properly be urged to
the credibility of the testimony, but is not one which should
render it incompetent.   Of course, in cases where the law
conclusively presumes bad faith from specific facts, such tes-
timony would be inadmissible; but no such facts were in evi-
dence here.   Knowledge on the part of the vendee as to the
existence of the judgment would be merely prima facie
evidence of bad faith.   *Danielly* v. *Colbert*, *71 Ga.* 221.
The good faith of the witness in this instance being a vital
issue in the case, the error of the court, in refusing to allow
the question, renders it proper that a new trial should be
granted.

2. It appeared from evidence introduced in behalf of the
claimant, that for a portion of the four years preceding the
levy of the execution a house was on the premises in dis-
pute and was occupied by a tenant of the immediate vendee
of the defendant in execution, but that when the property
was sold by the vendee to her son, from whom the claimant
purchased it, he tore down the house and began the erection
of a new house, but when the levy was made the new house
had not been completed and only the walls of the first story
were standing; and it was contended in the argument here
that this was not such an actual possession of the property as
was contemplated by the provision of the code above re-
ferred to.   In our opinion the possession contemplated by
the statute does not necessarily involve an actual personal
residence upon the premises.   It is sufficient if there are such

visible signs of dominion as will serve to put persons inter-
ested upon notice of the adverse claim.   Of course where no
person is residing upon the land, it may be difficult for the
holder of a judgment to keep himself informed as to the true
character of the possession, or as to changes of possession;
but he can always protect himself by taking proper steps to
enforce his execution within the statutory period.

*Judgment reversed.   All the Justices concurring.*