FRAZIER *v.* GEORGIA RAILROAD AND BANKING COMPANY.

LUMPKIN, P. J.   1. When a plaintiff's right to recover depended upon the establishment of a particular fact, and the only proof offered for this purpose was circumstantial evidence from which the existence of such fact might be inferred, but which did not demand a finding to that effect, a recovery by the plaintiff was not lawful, when, by the positive and uncontradicted testimony of unimpeached witnesses, which was perfectly consistent with the circumstantial evidence relied on by the plaintiff, it was affirmatively shown that no such fact existed.

2. It results from an application of the above to the evidence appearing in the record of the present case that the judgment excepted to was right.
*Judgment affirmed.   All the Justices concurring.*

Argued June 7, — Decided July 27, 1899.

Action for damages.   Before Judge Reese.   Taliaferro superior court.   August term, 1898.

*Samuel H. Sibley*, for plaintiff.
*Joseph B. & Bryan Cumming*, for defendant.

---

TAYLOR *v.* GEORGIA MARBLE COMPANY.

LEWIS, J.   It appearing from the evidence introduced in behalf of the plaintiff that by the exercise of ordinary care and diligence he could have avoided the injury he sustained in consequence of the alleged negligence of the defendant, there was no error in the judgment of the court below granting a nonsuit.   *Judgment affirmed.   All the Justices concurring.*

Argued June 14, — Decided July 27, 1899.

Action for damages.   Before Judge Henry.   Pickens superior court.   September term, 1898.

*H. H. Perry, W. T. Day*, and *C. D. Phillips*, for plaintiff.
*Clay & Blair* and *J. W. Hendley*, for defendant.