6596. MIRAGLIA v. GOSE.

1. Whether a trial judge has erred in directing a verdict can not be otherwise determined than by the inquiry whether, from any view of the evidence, inferences may be drawn favorable to the adverse party, upon which the jury might lawfully find contrary to such direction.

2. Partnership or no partnership is generally a mixed question of law and fact, and can not be resolved as a matter of law unless the verdict one way or the other is demanded by the evidence.

3. Where upon the trial of an issue of partnership or no partnership, made by one of the alleged partners, it appears that the business was conducted by one of the partners, who borrowed money for the use of the alleged partnership, it is competent to show that the other partner knew of such borrowing and made no objection thereto.

4. It was error to direct a verdict.

DECIDED FEBRUARY 10, 1916.

Complaint; from city court of Macon—Judge Hodges. April 30, 1915.

*Napier, Maynard & Plunkett,* for plaintiff.

*Cochran & Estes, W. A. McClellan,* for defendant.

RUSSELL, C. J. Suit was brought upon a series of promissory notes, against two persons, R. L. Gose and J. A. Ashley, under the firm name of R. L. Gose & Company. It was alleged that they were partners engaged in a commercial enterprise under this firm name, and, as such partnership, executed the notes sued on. Gose pleaded no partnership. Upon the trial the evidence tended to

show that Gose had purchased certain stock in trade, consisting of horses and mules, and placed Ashley in charge for the purpose of selling and trading the horses and mules, under an agreement that he should personally conduct the business, and he received a half of the net proceeds. The terms of the agreement between them may be best expressed in the words of the two alleged partners. Upon that subject Gose testified: "My contract with Mr. Ashley was: I was to buy the mules and horses and he was to feed and look after the stock and sell the mules, and I was to give him half of what was made on the mules after the expenses were paid. I was to pay the expenses. Ashley never put a dollar into the business. He did not put any stock into the business. I was to pay him half of what I made, and I was to take charge of the notes and handle them." Ashley testified: "I reckon I was one of the firm of R. L. Gose & Company. I was down there. Mr. Gose had some money and proposed to buy some stuff with it and give me half I could make out of it, half of the profits. There was nothing said about any losses. He said he had some money and was willing to buy. He didn't say anything about any losses, and I never had any idea of losing anything." The evidence shows that up to the time of the alleged formation of the partnership Gose did business under his own name, but after making the agreement with Ashley the business was conducted under the name of R. L. Gose & Company. The sign over the door of their place of business was R. L. Gose & Company. The letterheads and stationery bore the name of R. L. Gose & Company. Gose testified that he did not add the word "Company;" that Ashley did that of his own accord, and that Ashley caused the sign to be printed in the name of R. L. Gose & Company. He further testified that Ashley had full control of the business only when he came. He said: "After the business paid all expenses, I paid Ashley half of what I made." He further said: "Ashley borrowed some money I did not know anything about. He borrowed some money to run the business on, and also bought a horse." He further stated that Ashley would sign all checks and draw money out of the bank in the name of R. L. Gose & Company. In regard to the partnership name, Ashley testified: "If there was any profits in the notes of R. L. Gose & Company, I have an interest in them, but I never did see any profits. I do not know anything about the company. I did not put R. L. Gose

& Company over the office of the business. Whoever printed the letterheads put R. L. Gose & Company on them. I didn't do it. I think Mr. Gose put R. L. Gose & Company in the notes. He had those printed for his own use. He wrote all the notes. I don't know whether R. L. Gose & Company was put there so we could get more credit or not." Upon the question of partnership or no partnership the plaintiff testified: "I loaned some money to R. L. Gose & Company. Gose and Ashley composed the firm of R. L. Gose & Company." The court asked this witness, "Did you ever find out from Gose who composed the firm before or after that?" The plaintiff answered: ".Before. Mr. Ashley told me." The witness further testified: "Afterwards Mr. Gose stated the partnership was going to be dissolved, he had lost too much money. That was two or three months after the notes were signed. After the note was made I never talked to Gose. I never said anything to him after the note was made. The note had been made six months before I talked with Gose about dissolving the partnership. After I loaned the money to Ashley, then I talked to Gose, and he stated that he had quit business with Ashley. He stated that there had been a partnership for about a year or fourteen months, and said he had lost $4,000. Mr. Gose came to my store and told me that." To the question, "How did R. L. Gose & Company hold themselves out to you,—how did Gose and Ashley, as partners or not?" he answered, "Yes, sir; partners." On cross-examination the witness testified that he had never seen Gose until after Ashley got the money, but that he knew Gose's business, that he had never spoken to him until two or three months after he let Ashley have the money; that "he (Gose) stated to me that he and Ashley had quit business, dissolved business partnership. He used the word 'partnership.'"

Upon this evidence the judge directed a verdict in favor of the defendant, and the jury accordingly found that there was no partnership. So the question is whether there is any evidence to support the theory of partnership, from the relation which the evidence establishes to have existed between Gose and Ashley. There was an admission in the evidence on the part of Gose that there was a partnership which had existed for 12 or 14 months prior to the time the business was wound up. Whether this was true or not, and whether this admission was of sufficient probative

value, under all the circumstances, to overcome the testimony of Gose and Ashley in regard to the actual relationship between them, this court can not undertake to say. It did, however, present an issue of fact, and it can not be judicially determined that there was no evidence from which to draw an inference in favor of the plaintiff upon the subject of partnership. We therefore think the court erred in directing a verdict.

The plaintiff's counsel asked the witness Ashley the following question: "Did he, Gose, make any objection to your borrowing money in this way and using it in connection with the business?" The witness answered, "No;" and, on objection, both question and answer were ruled out by the judge. In view of all the evidence in the case, we are of the opinion that this evidence was both relevant and material, and should have been permitted to go to the jury. Whether or not Ashley was borrowing money upon the credit of Gose & Company, to be used in the business and with the knowledge of his alleged partner, Gose, was both material and relevant upon the question as to the existence of the partnership. The course of dealing between the alleged partners might have been such as to clothe Ashley with the power of a partner in the administration of the partnership effects. The record shows that the notes were renewed many times, and always in the partnership name of R. L. Gose & Company; and certainly if Gose knew that his name was being used as a partner and the notes being renewed in the partnership business on the strength of the fact, it might have some weight, at least, in determining his real relation with Ashley. We think therefore that the court erred both in excluding the testimony and in directing a verdict, and that a new trial should have been granted. The judgment is accordingly

*Reversed.*