## 12167.  Nichols v. Ward et al.

Jenkins, P. J.  1.  Where a chattel mortgage is foreclosed and levied before its maturity, under sections 3287 and 5055 of the Civil Code (1910), upon the grounds that the mortgagor is actually disposing or attempting to dispose of the mortgaged property so as to lessen the security, and that he is about to remove from the county of his residence, it is not necessary for the plaintiff to show that the defendant was attempting to dispose of the property or was about to remove from the county on the very day upon which the affidavit to obtain the foreclosure was made.  It is sufficient to show the existence of such a present design or intention and the defendant's purpose to carry it into execution at or about the time of the foreclosure.  *Perryman* v. *Pope*, 102 *Ga.* 502 (4), 505 (31 S. E. 37); *Stix* v. *Pump*, 36 *Ga.* 526 (2), 531.

2.  Where, as in such a case, design or intent is relevant to an issue, it may be proved by the evidence of the person himself testifying directly as to what his intention was in the given instance.  Although such evidence is not conclusive, it is to be considered with all the facts and circumstances of the case in determining the real intention.  *Hale* v. *Robertson*, 100 *Ga.* 169 (27 S. E. 937); *Alexander* v. *State*, 118 *Ga.* 26 (4) (44 S. E. 851); *Acme Brewing Co.* v. *Central of Ga. R. & Bkg. Co.*, 115 *Ga.* 494 (9) (42 S. E. 8); 7 Enc. Ev. 596; 1 Wigmore, Ev. 716.

3.  In the trial of a claim interposed by a third person upon such a foreclosure, the court properly excluded the testimony of the mortgagor in answer to the question, " What did you expect to do, or what had you planned to do in reference to your half of the crop? " The answer being " I had planned to dispose of my part of the crop and put the money in my pocket and go back to Atlanta without paying off the mortgage."  Such testimony, while in principle admissible, failed to show either when the plan existed or when it was to be executed, so as to connect such intended disposal of the property with any time at or about the date of foreclosure.  For the same reason, certain admissions of the mortgagor to a like effect were properly excluded.

4.  Under the rule expressed in the first division of the syllabus, it was error, however, to direct a verdict for the claimant on the theory that the foreclosure of the mortgage before its maturity was premature; since the mortgagor's testimony for the plaintiff showed that just prior to the foreclosure the mortgagor was planning and actually preparing to leave the county of his residence and go to a city in another county as soon as he could get away, that he had engaged work and actually rented a home in hat city, that all he had to do was to load his things and go, and that some of his things were already packed.  Nor would the mere fact that the mortgagor was arrested and incarcerated in jail for a period extending from three days before the mortgage was foreclosed until four days thereafter so negative the possibility of his forming and executing an intention to remove from the county as to take such issue from the jury, there being no proof that the charge was non-bailable, but the evidence, on the contrary, showing that he was actually released and that he removed from the county shortly thereafter.  The rule stated in *Nuss-*

*baum* v. *Waterman*, 9 *Ga. App.* 56, 58 (70 S. E. 259), does not appear to have been in any wise invoked.

<i>Judgment reversed. Stephens and Hill, JJ., concur.</i>

DECIDED OCTOBER 24, 1921.

Levy and claim; from Barrow superior court — Judge Cobb. December 17, 1920.

*W. L. Nix,* for plaintiff.

*G. A. Johns, J. C. Pratt,* contra.