## 11966

HODGE *ET AL.* v. SOVEREIGN CAMP, W. O. W., *ET AL.*

(132 S. E., 822)

1. VENUE—BENEFICIARY, HAVING HIS OWN ACTION DISMISSED ON BEING MADE CODEFENDANT WITH INSURANCE COMPANY IN ACTION BY OTHER ALLEGED BENEFICIARIES, WAIVED RIGHT TO HAVE CAUSE REMOVED TO COUNTY OF HIS RESIDENCE ON INSURER'S DISMISSAL AFTER PAYING AMOUNT IN CONTROVERSY INTO COURT (CODE CIV. PROC. 1922, § 378).—Where beneficiary of life policy had action against insurer dismissed when action was brought against insurer and himself by other alleged beneficiaries, and order provided that such other action should continue, he waived his right to have such cause removed to county of his residence, under Code Civ. Proc. 1922, § 378, upon dismissal as to insurer, who paid amount of insurance into Court.

2. VENUE.—Provisions of statute as to place of trial may be waived.

Before HENRY, J., Sumter, April, 1925.   Reversed.

Action by Everett E. Hodge and others against the Sovereign Camp, Woodmen of the World, and Lucius L. Hodge. The action was dismissed as to the first-named defendant, and, from an order transferring the trial to the County where the last-named defendant resided, plaintiffs appeal.

*Messrs. Reynolds & Reynolds,* for appellants, cite: *Action is in rem, or quasi in rem:* 44 S. C., 444. *Where claimants reside in different counties petition for interpleader may be filed in either county:* 33 C. J., 29. *Defendant submitted to change of venue:* 33 C. J., 32. *In in rem proceeding Court acquires jurisdiction through possession of res:* 1 C. J., 1041, note 83. *Defendant waived right to change of venue:* 105 S. C., 509; 91 S. C., 273; 84 S. C., 343; 79 S. C., 502; 69 S. C., 278; 62 S. C., 293; 40 Cyc., 111.

*Messrs. R. R. McLeod* and *T. C. Cork,* for respondent, cite: *Where actions to be tried:* Code Civ. Pro., 1922, Secs. 376, 378 and 379; 25 S. C., 385. *Where order of Court fails to state grounds for issuance, it will be sustained on any proper ground:* 115 S. C., 290. *Change of*

*venue where action brought in wrong county:* 106 S. E.,
778; 108 S. C., 234; 22 S. C., 276. *Finding of Court on
change of venue is finding of fact conclusive in absence of
abuse of discretion:* 73 S. C., 181; 61 S. C., 251.

April 27, 1926.

The opinion of the Court was delivered by MR. ACTING
ASSOCIATE JUSTICE R. O. PURDY.

Alme O. Hodge died in Sumter on June 28, 1924. He
was a brother of the respondent, Lucius L. Hodge, and of
the appellants. The deceased had taken out a policy of in-
surance for the benefit of the respondent. It is alleged by
the appellants, and denied by the respondent, that subse-
quently the insured filed his application for a new policy,
naming the appellants, together with the respondent, as his
beneficiaries.

When Alme O. Hodge died, the defendant, Sovereign
Camp, Woodmen of the World, refused to pay the claim
of the respondent, but not denying liability to pay whoever
might be entitled to receive the money. Two actions were
commenced. The respondent brought suit against Sover-
eign Camp, Woodmen of the World, as sole defendant, in
Darlington County (where he then resided, and where he
now resides) under the original policy, for the entire amount
of the insurance. This was in September or October, 1924.

The appellants in this action, commenced an action in
Sumter County against Sovereign Camp, Woodmen of the
World, joining the respondent as the party defendant. It
does not appear from the record on what date the last-named
action was commenced, but time to answer was extended to
the defendants, and, on November 21, 1924, an answer was
filed for the respondent (in the last-named action).

On January 10, 1925, Sovereign Camp, Woodmen of the
World, procured an order from Judge Wilson, by the terms
of which order the Sovereign Camp, Woodmen of the
World, was permitted to deposit the amount of money due

upon the policy with the Clerk of the Court for Sumter County and have the action dismissed as to it.

The answer of the respondent in this action indicates that the action was commenced some time after the commencement of the action by him in Darlington County. This paragraph is taken from his answer:

"That an action has been commenced by this defendant as plaintiff in the Court of Common Pleas for Darlington County, in the State of South Carolina, against the defendant, the Sovereign Camp, Woodmen of the World, and is now pending, and was at the time of the commencement of this action pending in said Court for the collection of the said insurance policy, and this defendant is advised and believes that the plaintiffs in this action should be required to intervene in said action and set up such rights as they have in the subject matter thereof."

Notwithstanding this suggestion made in the answer, the respondent, on December 13, 1924, procured a dismissal of the action pending in Darlington County, in which he was plaintiff, as will appear by the following order:

"It appearing to the Court that another action is pending in the County of Sumter, State of South Carolina, in the Court of Common Pleas, of *Everett E. Hodge et al., plaintiffs, against the Sovereign Camp, Woodmen of the World, and Lucius L. Hodge, defendants,* and it appearing further that Lucius L. Hodge has filed his answer in the said cause in Sumter County, and that the same matter is being litigated in both actions: On motion of R. R. McLeod and T. C. Cork, plaintiffs' attorneys, it is ordered that the above-styled action pending in Darlington County, be, and the same is hereby, discontinued and ended, and that the cause pending in Sumter County continue and the issues be determined in said case.                      E. C. DENNIS,

"Judge Fourth Judicial Circuit.

"At Chambers, Darlington, S. C., December 13, 1924.

"We consent.
    "T. C. Cork and R. R. McLeod,
        "Plaintiffs' Attorneys."

On April 10, 1925, the respondent gave notice that he would move before Judge Henry for the removal of the case pending in Sumter County to Darlington County, for the reason that the respondent is a resident and citizen of that County. This motion was resisted by the appellants, and, over their objection, Judge Henry made an order removing the cause to Darlington County, in which order he says:

"It appearing from the record and the showing made herein, that the defendant, Sovereign Camp, Woodmen of the World, has been released and discharged as a defendant in this case, and this leaves as the sole and only defendant, L. L. Hodge, who is a resident of Darlington County, it, therefore, appears to the Court that this defendant has a substantial right to have said case tried in the County of his residence."

And the Clerk of the Court of Sumter County was ordered to immediately transfer all papers and funds in connection with the case to the Clerk of the Court of Darlington County. From this order made by Judge Henry, this appeal is taken by the plaintiffs in the action.

Since the appeal is solely from the order of Judge Henry, it is not necessary to set out the pleadings. Judgment is not asked against the respondent for any sum of money, but the matter before the Court is merely a controversy as to who is entitled to the fund in question, which is now in Court. On the issue before the Court, the respondent contends that, inasmuch as one of the parties was properly sued in Sumter County, he had to appear in that County and answer, but that, as soon as his codefendant was dismissed by the order of Judge Wilson, he had a right to move for a change of venue to the place of his residence, claiming that the case cannot be tried elsewhere, and citing *Ware v. Henderson,* 25 S. C., 385. But that case does not apply to the issue to

be settled in this case. He also claims that the case of the *City of Sumter v. United States Fidelity & Guaranty Co., et al.,* 116 S. C., 29; 106 S. E., 778, is conclusive of this issue. Without discussing that case, a reference to it will show that its determination was based upon an entirely different state of facts from the case now being considered, and is not controlling.

The Code, after providing for the location of the trial of certain causes, by Section 378, Vol. 1, Code 1922, provides:

"In all other cases the action shall be tried in the County in which the defendant resides at the time of the commencement of the action; and if there be more than one defendant, then the action may be tried in any County in which one or more of the defendants to such action resides at the time of the commencement of the action; or if none of the parties shall reside in the State, the same may be tried in any County which the plaintiff shall designate in his complaint, subject, however, to the power of the Court to change the place of trial in the cases as provided by law."

This section provides further:

"That nothing in this section contained shall be so construed as to prevent the hearing of any of the said actions by consent of the parties or their attorneys and of the guardian *ad litem* of any infant party to said action, in a County other than that in which said action may have been brought and may be pending, or other than that in which the property is situated."

Had the respondent sought to adhere to the position taken in his answer, pleading the pendency of an action by him as plaintiff, in Darlington County, he might have, with great force, urged the Court, and probably with success, to compel the appellants to appear in the action pending in Darlington County, or the Court might, on its own motion, upon the suggestion that they were claimants, have compelled them to appear in that action. But the respondent, on his own motion, had the action pend-

ing in Darlington County dismissed, and procured an order from Judge Dennis, "that the cause pending in Sumter County continue and the issues be determined in said cause," which is the cause in which this appeal has arisen. When this order was procured, Sovereign Camp, Woodmen of the World, was a party to the cause, and respondent procured a dismissal of his cause in Darlington County in ignorance of what might follow in reference to the cause in Sumter County, or more properly speaking, in ignorance of that which did follow, in the dismissal of his code-fendant. Had he known this, manifestly he would have insisted on maintaining his cause in Darlington County. But, having consented to have the issues tried in Sumter County, and having procured an order to have the issues there tried, he waived the right to have the cause removed to Darlington County, and he cannot now be heard to complain.

That a party may waive the provisions of the statute as to the place of trial is too well settled to be now questioned. *Jenkins v. R. R. Co.,* 66 S. E., 409; 84 S. C., 343. *Jones v. Telegraph Co.,* 74 S. E., 492; 91 S. C., 273.

The exceptions to Judge Henry's order are sustained, and the judgment is reversed.

MESSRS. JUSTICES WATTS, COTHRAN, BLEASE and STABLER concur.

MR. CHIEF JUSTICE GARY did not participate.