## 16842.  YELLOW CAB COMPANY v. NELSON.

1. Where it is shown, by evidence, that an automobile was operated upon the public street in the usual way, and was at that time in the possession and control of the owner's servant, the jury may infer that the servant was using it in the prosecution of the owner's business and within the scope of the servant's employment.
2. Whether such a charge would have been abstractly correct or not, there was no error, under the facts of this case, in the court's failure to charge the jury that "the mere proof of the ownership of the taxicab which caused the injury is not sufficient of itself to establish prima facie that the car was being driven by a servant of the owner, about the owner's business, and within the scope of his employment."
3. The verdict was not excessive as a matter of law. The trial was free from error. The court did not err in refusing a new trial.

DECIDED SEPTEMBER 17, 1926.  REHEARING DENIED OCTOBER 2, 1926.

Damages; from city court of Atlanta—Judge Reid. September 19, 1925.

*Dorsey, Shelton & Dorsey, Carlton W. Binns, Samuel D. Hewlett,* for plaintiff in error.

*Colquitt & Conyers, Neufville & Neufville,* contra.

BELL, J.  This was a suit against the Yellow Cab Company to recover damages for personal injury.  The seven-year old plaintiff was injured by a cab at an intersection of streets in the City of Atlanta.  The complaint alleged that the cab was the property of the defendant and that it was being operated at the time by one of the defendant's servants.  There were several specifications of negligence, including unlawful and excessive speed.  The trial resulted in a verdict in favor of the plaintiff for $3000.  The defendant moved for a new trial, which the court refused, and the defendant excepted.

1.  Counsel for the plaintiff in error contend that there was no sufficient evidence to establish the relation of master and servant as between the defendant and the person driving the cab at the time of the injury.  The evidence showed that the vehicle was a yellow cab with the words "Yellow Cab" on the side of the door; also that it was of the kind commonly used by the defendant, and that such cabs were used by no other company in Atlanta at that time.  There was testimony to the effect that the driver of the cab wore a yellow band around his cap, as was the custom of the regular drivers of this company.  But, according to one witness, "There are two sets of drivers that have caps with yellow bands

around them—Blackus and the Yellow Cab Company." Blackus had been enjoined from using such caps, though the injunction was probably not issued until after the plaintiff's injury. We think the evidence was sufficient to establish that the cab which struck the plaintiff was the defendant's property, and also that the driver was the defendant's servant, and thus to make a prima facie case in favor of the plaintiff, on the issue under discussion. "Where a servant who is employed for the special purpose of operating an automobile for the master is found operating it in the usual manner such machines are operated, the presumption naturally arises that he is running the machine in the master's service. If he is not so running it, this fact is peculiarly within the knowledge of the master, and the burden is on him to overthrow this presumption by evidence which the law presumes he is in possession of." See *Fielder* v. *Davison,* 139 *Ga.* 509 (6) (77 S. E. 618); *Hotel Equipment Co.* v. *Liddell,* 32 *Ga. App.* 590 (2) (124 S. E. 92). But it is said that the evidence disclosed that the yellow band around the cap was a badge of identity of the drivers of another company as well as of the defendant's drivers. Even so, when the defendant's ownership of the cab was shown, the jury could very reasonably infer that it was not in the possession of a driver of the competing company, but that the yellow band in the particular instance identified the servant of the defendant; or, in other words, that there was not a cross of drivers and cabs of the two companies on the occasion in question. Such a mixture was not probable. The defendant introduced no evidence.

2. The court did not err in failing to charge the jury that "The mere proof of the ownership of the cab which caused the injury is not sufficient of itself to establish prima facie that the car was being driven by a servant of the owner, about the owner's business, and within the scope of his employment." Language almost identical was used by this court in *Gillespie* v. *Mullally,* 30 *Ga. App.* 118 (117 S. E. 98), but an examination of the entire opinion in that case will show that this expression was unnecessary to the conclusion reached and was mere obiter. But assuming that such a charge would have been abstractly correct, there was in the present case more than "mere proof of the ownership of the taxicab," and the court was not required to voluntarily

charge on the effect of *one* of *several* facts shown by the evidence. Furthermore "it is not incumbent on the court, in the absence of a timely written request, to charge as to particular shifts in the burden of proof or of proceeding as they may develop under the evidence." *Brazell* v. *Hearn,* 33 *Ga. App.* 490, 496 (127 S. E. 479); *Hogg* v. *L. & N. R. Co.,* 33 *Ga. App.* 773 (3) (127 S. E. 830). It was necessary, of course, for the plaintiff to show that the automobile was being operated by the defendant's servant within the scope of his employment. *Dougherty* v. *Woodward,* 21 *Ga. App.* 427 (1) (94 S. E. 636); *Rape* v. *Barker,* 25 *Ga. App.* 362 (1) (103 S. E. 171); *Yellow Cab Co.* v. *General Lumber Co.,* 35 *Ga. App.* 620 (134 S. E. 190). But the ultimate fact to be proved is one thing, while the facts evidentiary of it may be a very different thing. Proof of the latter may, without more, establish the former, thus embracing by inference that which is beyond the mathematical limits of the evidence. Failure to recognize this principle may result in placing too great a burden on the party having the affirmative, in cases of this character. See, in this connection, Civil Code (1910), § 5743; *Haas* v. *Godby,* 33 *Ga. App.* 218 (3) (125 S. E. 897, L. R. A. 1916B, 629). It is the opinion of the writer that the court would have erred in giving the charge quoted above. Automobiles are usually driven by the owners or by persons in the owners' service. Occasions when this is not true are exceptions to the general rule. Furthermore, proof that it is not true will ordinarily depend upon facts peculiarly within the knowledge of the owner and as to which he should take the burden of evidence. I therefore think the true rule in cases of this sort ought to be that, where it is shown that an automobile was operated in the usual manner by some person not identified, and where nothing else appears, the inference is authorized that it was being operated either by the owner or by some one in his service. However, the present case does not call for a decision of this question.

3. The verdict was not so large as to force the conclusion that it was induced by prejudice, bias, or mistake on the part of the jury. The evidence authorized the verdict. No other questions are raised in the motion for a new trial. The court did not err in refusing the motion.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*