20345. TRAWICK *v.* CHAMBLISS.

BELL, J. 1. The erroneous admission of testimony as to a certain fact is usually not cause for a new trial, where the same fact was shown by other testimony to which no objection was made. *Louisville & Nash-*

*ville R. Co.* v. *Lovelace,* 26 *Ga. App.* 286 (3) (106 S. E. 6) ; *Bullard* v. *Metropolitan Life Ins. Co.,* 31 *Ga. App.* 641 (6) (122 S. E. 75).

2. In a suit for damages for injury by an automobile, an allegation that the automobile was operated by the defendant is supported by evidence that it was operated by a servant of the defendant, acting within the scope of his employment, there being no material variance between an averment that the defendant committed an act and evidence that the act was committed by him through his authorized servant or agent. *Yellow Cab Co.* v. *General Lumber Co.,* 35 *Ga. App.* 620 (134 S. E. 190) ; Bessemer Coal Co. *v.* Doak, 152 Ala. 166 (44 So. 627, 12 L. R. A. (N. S.) 389) ; Gathman *v.* Chicago, 236 Ill. 9 (86 N. E. 152, 19 L. R. A. (N. S.) 1178, 15 Ann. Cas. 830) ; 39 C. J. 1352, § 1576, and cit.

3. Evidence that the defendant owned the automobile which caused the injury and was riding in it but not driving it at the time of the occurrence was sufficient to authorize the inference that the driver was the defendant's agent or servant, and that the defendant was thus in control of the operation of the vehicle. *Fielder* v. *Davison,* 139 *Ga.* 509 (2) (77 S. E. 618) ; *Lewis* v. *Amorous,* 3 *Ga. App.* 50. (59 S. E. 338) ; *Yellow Cab Co.* v. *Nelson,* 35 *Ga. App.* 694 (134 S. E. 822), and see note in 42 A. L. R. 898.

4. Where from evidence introduced by the plaintiff the jury were authorized to infer that the defendant was in control of the operation of the automobile, this inference was not conclusively and as a matter of law rebutted by witnesses of the defendant who testified to the contrary, but who were contradicted as to other matters relevant to their testimony and to the case. Hence, in this case the evidence presented a jury question as to the true relationship between the owner of the vehicle and the person driving it at the time of the collision. *Whiddon* v. *Hall,* 155 *Ga.* 570 (6) (118 S. E. 347) ; *Haas* v. *Godby,* 33 *Ga. App.* 218 (4) (125 S. E. 897) ; *Blount* v. *Dunlap,* 34 *Ga. App.* 666 (4) (130 S. E. 693), and cit.

5. A new trial should not be granted on the ground of newly discovered evidence unless it appears that the evidence could not have been discovered before the trial by ordinary diligence on the part of the movant or his counsel. Considering the pleadings, the nature of the issue, and the affidavits of the movant and his attorney, which disclosed no facts to show inability to have discovered the evidence by diligence before the trial, but which as to this issue presented conclusions only, the trial judge was not in the instant case bound as a matter of law to find that the movant had exercised the required diligence to obtain the evidence. *Evans* v. *Grier,* 29 *Ga. App.* 426 (3) (115 S. E. 921).

6. Applying the above rulings, the evidence authorized the verdict for the plaintiff, and there was no merit in any of the exceptions to the charge of the court, or in other grounds of the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 12, 1930.

*John C. Lewis,* for plaintiff in error.
*Sibley & Sibley, Hallie B. Bell,* contra.