## 25828. HOLLAND *et al* v. BULLOCK.

DECIDED MARCH 10, 1937. REHEARING DENIED MARCH 31, 1937.

*Watkins, Grant & Watkins, Bryan, Middlebrooks & Carter,* for plaintiffs in error.

*Astor Merritt,* contra.

MACINTYRE, J. G. D. Bullock procured a verdict for $2500 in an action for damages brought by him against "E. C. Holland and R. J. Holland, a copartnership operating under the name Gadsden Transfer Company." The question for determination is whether the court erred in overruling the motion for new trial containing the general and several special grounds. The plaintiff introduced evidence which warranted the jury in concluding that on April 4, 1935, at a place on the Bankhead Highway about a mile west of Douglasville, Douglas County, a man named Hicks negligently drove a motor-truck into the rear of the automobile driven by the plaintiff, and that Hicks' negligence, as alleged in the petition, was the proximate cause of serious and permanent

personal injuries to the plaintiff. The defendants introduced no evidence.

The first special ground of the motion for new trial avers that the "plaintiff failed to prove that the truck in question, at the time plaintiff sustained his alleged injuries,. was being driven by an agent and servant of the defendant in the course of his employment and while in the prosecution of his master's business," and that "there was no evidence . . to show that the truck . . was the property of the copartnership operating under the name of Gadsden Transfer Company." Since the right of the plaintiff to recover, under the allegations of the petition, depends solely upon the responsibility of the defendants for the negligence of the driver of the truck, this ground is of special importance. Paragraph 1 of the petition, which was admitted by the answer, is as follows: "The defendants herein are E. C. Holland and R. J. Holland, a copartnership operating under the name Gadsden Transfer Company, and, at the time complained of herein, were engaged in operating motor-vehicles for hire over and upon the public highways of the State of Georgia, including the Bankhead Highway, or State route number eight (8), which is located through Douglas County, Georgia." The plaintiff testified: "I have since noticed writing or markings on this truck, indicating whose truck it was; in other words whose name it had on it. It was the same truck. The name it had on it was Holland Transfer and Storage Company. It gave where they resided—Gadsden, Alabama. Immediately after this collision occurred I talked to the man that operated it some. The name he gave me was Hicks. . . The only thing I obtained from him was his name, and his name was Hicks." M. A. Hall testified: "I saw the truck in town after it had been pulled or driven into town. I made those notations on that envelope the day I saw the truck. That truck or trailer had a Georgia tag on it, a license tag. The number of that tag was 58953. It had an Alabama tag on it. That number was 12898. I recall that it was a General Motors truck. It was a large. truck . . I did not see the inside of the truck. It was a closed truck. . . I did not learn the driver's name. I suppose I saw him all right. The truck had a sign on the side of the cab, 'Holland Lines, Gadsden, Alabama, Phone 234.' . . I did not have any interest in particular in it. Mr. Bullock asked

me to get the tag number on it, and I got all that dope for him."

The following documentary evidence was introduced: "A certified copy of the application for registration of a 1931 G. M. C. tractor truck, motor No. A-12573325, by E. C. Holland, 800 Elmwood, Gadsden, Alabama, for which Georgia motor-vehicle license plates 58953 were issued on January 21, 1935. The application is dated January 14, 1935, and shows the owner's name as E. C. Holland, white, post-office Gadsden, Alabama." It also appears from the record that on March 30, 1935, the Public-Service Commission of Georgia received an application "to operate as an interstate motor carrier for hire under the motor-carrier acts of 1935." The application shows that "the exact name under which applicant will operate" is "E. C. and R. J. Holland as Gadsden Transfer Company;" that the applicant is a partnership; that its post-office address is "800 Elmwood Ave., East Gadsden, Alabama;" that the names and addresses of its authorized agents are "E. C. Holland, 111 N. Belvedere, Memphis, Tenn.," and "R. J. Holland, 122 Mary St., East Gadsden, Ala." The application is signed, "Richard J. Holland." Mr. Astor Merritt testified as follows, in regard to the two letters next referred to: "This yellow sheet is a duplicate copy of a letter that I wrote as representing Mr. Bullock, addressed to the party set out there. This letter dated 5/4/35 is the reply that I received to that duplicate. This letter dated 5/24/35 is a follow-up letter that I received from the same party with reference to this matter. . . I wrote that letter myself. That was made at the same time as the letter that I mailed; it was a duplicate, both made at the same time, carbon paper placed between. One stroke made both copies." It appears that the letter first referred to by Mr. Merritt was dated May 3, 1935, and addressed to "Holland Land Lines, Gadsden, Ala." It stated the time, place, and nature of the collision in question; that the writer represented both Mr. Bullock and Miss Wood, who was with him; and that he would be glad to confer with the addressee. We quote from the brief of evidence the following description of the letter referred to by Mr. Merritt: "A letter dated 5/24/35, on the following letterhead: 'Holland's Gadsden Transfer Company, 800 Elmwood Avenue, East Gadsden, Alabama,' addressed to 'Mr. Astor Merritt, Attorney, Douglasville, Georgia,' containing the following sentence: 'Sometime back one

of our trucks had a wreck in your city, and we had some correspondence with you in regard to same.' 'Yours truly, Gadsden Transfer Co., by R. J. Holland, per B.' Said letter being identified by Mr. Astor Merritt, witness for the plaintiff."

After careful consideration of the oral and documentary evidence, we are of the opinion that the jury was warranted in concluding that at the time of the collision the truck in question was owned and operated by the Gadsden Transfer Company of Gadsden, Alabama, and that the driver of the truck was using it in the scope of his employment as the agent or servant of that partnership. "For the negligence or torts of their agents or servants they [partners] are responsible under the same rules which apply to individuals." Code, § 75-308. "Every person shall be liable for torts committed by his . . servant, by his command or in the prosecution and within the scope of his business, whether the same shall be by negligence or voluntary." Code, § 105-108. See, in this connection, *Yellow Cab Co.* v. *Nelson,* 35 *Ga. App.* 694 (134 S. E. 322). It readily appears from what has been said in discussing this ground of the motion, which is merely an elaboration of the general grounds, that our view is that it is without merit, and that the court did not err in overruling the general grounds.

It is urged in ground 2 that the court erred in admitting in evidence the letter of May 24, 1935, which is fully set out above, over the objection that "it is not shown that the party who apparently signed it . . had any authority to do so to bind the defendant, nor is shown to have been the agent of the defendants or any of them." The evidence bearing on the question being considered has been set out in the preceding ground. That letter is written on paper having the following letterhead: "Holland's Gadsden Transfer Company, 800 Elmwood Avenue, East Gadsden, Alabama." It was directed to the attorney of record of the plaintiff, and appears to be a reply to a letter written by that attorney in regard to the collision in question. It is signed, "Gadsden Transfer Co., R. J. Holland, per B." We think that the letter was properly admitted for the consideration of the jury.

While we can not commend some of the charges complained of, we do not think that they disclose reversible error, when viewed in the light of their context, and other parts of the charge to the jury. The remaining special grounds do not disclose reversible

error.   The court did not err in overruling the motion for new trial.

*Judgment affirmed.   Broyles, C. J., and Guerry, J., concur.*