41938. BLOUNT v. SUTTON et al.

SUBMITTED APRIL 6, 1966—DECIDED NOVEMBER 18, 1966—
REHEARING DENIED DECEMBER 9, 1966.

*Joseph B. Bergen, J. Converse Bright,* for appellant.
*Jack H. Usher,* for appellees.

HALL, Judge. Mere ownership of an automobile does not render the owner liable for a collision occurring when it is driven by another person. *Graham v. Cleveland*, 58 Ga. App. 810 (200 SE 184). Nor is the fact that the operation of an automobile is with the consent and permission of the owner sufficient to establish that the driver is the agent or servant of the owner. *Durden v. Maddox*, 73 Ga. App. 491, 493 (37 SE2d 219).

We are aware that where an owner is present in an automobile being driven by another an inference may properly be drawn by the jury that the owner was in control of the operation of the automobile. *Trawick v. Chambliss*, 42 Ga. App. 333 (3) (156 SE 268). However, this inference only applies "where nothing else appears." *Yellow Cab Co. v. Nelson*, 35 Ga. App. 694 (2) (134 SE 822). In other words, "There is a *presumption, in the absence of any evidence to the contrary,* that an owner present in his car has power to control it." Beam v. Pittsburgh R. Co., 366 Pa. 360 (77 A2d 634, 640); 8 AmJur2d 124, § 572; Pollard v. Grimes, 202 Okla. 118 (210 P2d 778); Nicosia v. Marangi, 13 N. J. Super. 550 (81 A2d 20). "The general theory of these cases is that the presumption or the inference is not evidence, but serves in the place of evidence until evidence to the contrary is adduced. It is created merely for purposes of administrative convenience, to be resorted to in the absence of evidence, to require the party most likely to have in his possession or knowledge the evidence of the real facts in issue, to produce such evidence in the first instance; that when such evidence is produced as to the real facts, there remains no warrant to keep the presumption in the case and that in such case it disappears, and does not create a conflict with the defendant's evidence so as to require its submission to the jury on the theory of conflict in the evidence; that in such event the plaintiff must introduce independent evidence to create a conflict with the evidence of the defendant to require its submission to the jury." 5 ALR2d 204. See also, *Atlantic C. L. R. Co. v. Drake*, 21 Ga. App. 81 (4) (94 SE 65); *Central of Ga. R. Co. v. Pitts & Espy*, 16 Ga. App. 314 (84 SE 285).

The uncontradicted evidence of both the driver and the owner

shows that at the time of the injuries the driver of the automobile was a bailee and the owner was his guest. In addition, the driver testified that he did not intend to return the automobile to the owner until reaching his house. While this testimony is not vital, it strengthens the case. The driver's intention, being relevant to the issue, is "proof of a substantive fact, and admissible in this case." *Alexander v. State,* 118 Ga. 26 (4) (44 SE 851); *Nichols v. Ward,* 27 Ga. App. 501 (2) (108 SE 832); *Hale v. Robertson & Co.,* 100 Ga. 168 (27 SE 937); Green, Georgia Law of Evidence, § 303; 8 Wigmore on Evidence 104, § 1965; McCormick on Evidence, 568, § 269.

Furthermore, "It is a well-established principle of substantive law that circumstantial evidence has no probative value in establishing a fact where such evidence is consistent with direct and unimpeached evidence showing the non-existence of such a fact." *Allgood v. Dalton Brick &c. Corp.,* 81 Ga. App. 189, 194 (58 SE2d 522); *Frazier v. Ga. R. & Bkg. Co.,* 108 Ga. 807 (33 SE 996); *Myers v. Phillips,* 197 Ga. 536, 542 (29 SE2d 700).

The trial judge did not err in granting the defendant Sutton's motion for summary judgment.

*Judgment affirmed. Felton, C. J., Bell, P. J., Jordan, Eberhardt and Deen, JJ., concur. Frankum and Pannell, JJ., dissent. Quillian, J., not participating.*

PANNELL, Judge, dissenting. 1. While the simple fact, standing alone, that one of the defendants was operating the automobile of the other defendant with such owner's consent, is not sufficient to establish liability of the defendant owner for injuries to a third party occasioned by the negligence of the driver (*Frankel v. Cone,* 214 Ga. 733 (107 SE2d 819); *Hines v. Bell,* 104 Ga. App. 76 (4) (120 SE2d 892)); yet, where the owner is present in the automobile an inference may properly be drawn by the jury that the owner was in control of the operation of the automobile (*Trawick v. Chambliss,* 42 Ga. App. 333 (3) (156 SE 268)), even though control was not at the time being actually exercised by express directions.

The majority hold that this inference only applies "where nothing else appears" citing *Yellow Cab Co. v. Nelson,* 35 Ga.

App. 694, 696 (132 SE 822). The language was taken from obiter dictum. In that case the ownership of the cab was shown, and it was driven by a person who wore a yellow band around his cap and insignia also used by another cab company. The owner was not in the cab. We quote from that opinion, with the obiter dictum emphasized: "But the ultimate fact to be proved is one thing, while the facts evidentiary of it may be a very different thing. Proof of the latter may, without more, establish the former, thus embracing by inference that which is beyond the mathematical limits of the evidence. Failure to recognize this principle may result in placing too great a burden on the party having the affirmative, in cases of this character. See, in this connection, Civil Code (1910) § 5743; *Haas v. Godby* 33 Ga. App. 218 (3) (125 SE 897, LRA 1916B, 629). It is the opinion of the writer that the court would have erred in giving the charge quoted above. Automobiles are usually driven by the owners or by persons in the owners' service. Occasions when this is not true are exceptions to the general rule. Furthermore, proof that it is not true will ordinarily depend upon facts peculiarly within the knowledge of the owner and as to which he should take the burden of evidence. *I therefore think the true rule in cases of this sort ought to be that, where it is shown that an automobile was operated in the usual manner by some person not identified, and where nothing else appears, the inference is authorized that it was being operated either by the owner or by some one in his service. However, the present case does not call for a decision of this question.*" (Emphasis supplied.)

The facts upon which the obiter dictum was based, followed by the majority here, are entirely different from the facts in the case before the court. Here the owner was in the automobile and the uncontradicted evidence showed that the driver often drove the car *for* the owner, not as a bailee, but as an agent or servant. Was the inference authorized by this evidence overcome by the mere separate expressions of the defendants here as to their *intent?* Even the rule as stated by the majority depends upon positive uncontradicted testimony that the bailment *actually* existed at the time in question. This latter proof never appeared.

2. Where, as in the present case, the evidence shows without dispute that the defendant driver often drove the automobile for the defendant owner, that on the day in question the defendant owner had loaned her automobile to the defendant driver for the purpose of going to and from his work, that she had done this often, that ordinarily he would return the car late in the afternoon (the evidence does not disclose where) and on this particular occasion early in the afternoon he came by the school where the defendant owner was employed as a teacher, without any prearrangement and although she had made arrangements for a ride to her home, she got in the automobile with the defendant driver for the purpose of riding to the defendant driver's home and then driving the car herself to her home, and it was on the drive to the defendant driver's home that the collision in question occurred because of the driver's alleged negligence, and the owner testified that "as far as I was concerned" the defendant driver "had borrowed my automobile and was still using it at the time of the accident" and "had stated that he would give the automobile back to me when he got home" and the defendant driver testified "as far as I was concerned, I' was still borrowing the car from" the owner "and would not return it to her until I arrived at my house," this evidence was not sufficient to demand a finding that the contract of bailment terminated only upon the arrival at the defendant driver's home rather than the arrival at the defendant owner's place of employment and her entering into the automobile. There was no evidence that what the defendant owner and defendant driver "considered" to be the situation was actually agreed upon by the parties. At the most, what they considered to be the situation may have been an authorized, but not a demanded inference, arising from the facts testified about as to the specific terms of the bailment, but this would only result in two conflicting inferences arising out of different portions of the evidence. Under these circumstances there was a conflict in the evidence and the trial court erred in granting the defendant owner's motion for summary judgment. See *Hall v. Garmon,* 83 Ga. App. 269 (63 SE2d 267); *Corcoran v. Merchants &c. Trans. Co.,* 1 Ga. App. 741, 744 (57 SE 962). There

seems to be a considerable amount of confusion as to the proper rule to be applied where the fact at issue is proved by circumstantial evidence from which conflicting inferences may arise. The dispute seems to center primarily over whether the appellate courts or the jury determine which reasonable inference has the greater weight. The rule is that where two reasonable inferences are equally probable under the evidence a verdict for the party upon whom the burden of proof rests is unauthorized. Is this merely a rule to be given in charge to the jury for their consideration or are the appellate courts authorized to determine the weight to be given to, or the relative probabilities of, two or more *reasonable inferences* arising from circumstantial evidence? In our opinion, regardless of which rule we might prefer, we are bound by the older decisions of the Supreme Court. In *Dixon v. Bristol Savings Bank,* 102 Ga. 461 (31 SE 96, 66 ASR 193) where a question of ratification of a delivery of an instrument was a point at issue, the Supreme Court said, (p. 468): "Whether plaintiff's acts were such as to raise a presumption of ratification was, under the evidence submitted, a question for the jury. From the loss of most of the papers relating to the matters in dispute, the illiteracy of the plaintiff, and other causes, the evidence on the question of ratification or estoppel is not at all definite, and the inferences to be drawn from it should have been left to the jury. See *Burr v. Howard,* 58 Ga. 564. Where reasonable men might differ as to the inferences to be drawn from certain evidence, the matter should be left to the jury although there may be no conflict in the evidence. And, under Section 5347 of the Civil Code, a nonsuit should be granted only where 'all the facts proved and all reasonable deductions from them' do not entitle plaintiff to recover."

In construing the language first italicized above we must reach the conclusion that where the inferences are reasonable but differ and conflict and depend upon circumstantial evidence (necessarily so since they are inferences) and even though there is no conflict in the direct evidence establishing the circumstances from which the inferences arise, then the jury, and only the jury, is privileged to resolve the differences. This decision and this ruling of the Supreme Court is controlling here.

"When there are reasonable inferences which can be drawn from the evidence which will support a material contention of a party to a cause, it is error to direct the jury to render a verdict adverse to this party." *Lay-Hall Grocery Co. v. Johns,* 173 Ga. 695 (1) (161 SE 354). The Supreme Court in *Pacetti v. Rowlinski,* 169 Ga. 602, 605 (150 SE 910), said that it "adheres to the view expressed in *Miraglia v. Gose,* 17 Ga. App. 639 (87 SE 906) . . . : 'Whether a trial judge has erred in directing a verdict cannot be otherwise determined than by the inquiry whether, from *any view* of the evidence, inferences may be drawn favorable to the adverse party, upon which the jury might lawfully find contrary to such direction.' In fact we are of the opinion that a verdict should not be directed if there is any evidence at all which would authorize a jury by any reasonable inference to find a different verdict from that directed. However, a jury is not authorized to find a verdict upon mere suspicion, nor are they permitted to rest a finding upon inferences which are not supported or even warranted by evidence." This court should also adhere to the view that this rule applies in cases of circumstantial evidence as to the issue to be decided where there is no conflict in the direct evidence establishing the circumstances but where the only conflict arises from the conflict of the reasonable inferences drawn therefrom. That this is the correct rule is further established by the Supreme Court when it followed the *Dixon* case in *Portwood v. Bennett Trading Co.,* 184 Ga. 617, 618 (192 SE 217) and ruled: "When a given state of facts will authorize several different conclusions, it is a question of fact as to which is the true and correct solution; but where only one reasonable inference can be drawn therefrom, the question is resolved into one of law, and may be determined as a matter of law by the court. *Code Ann.* § 110-104; *Dixon v. Bristol Savings Bank,* 102 Ga. 461, 468 (31 SE 96, 66 ASR 193)."

In my opinion the evidence adduced on the motion for summary judgment did not demand a finding for the defendant owner and the order granting the summary judgment should be reversed.

I am authorized to state that Judge Frankum concurs in this dissent.