## 24956. BRENNAN v. RUSHING.

FRANKUM, Justice. This case comes to this court upon appeal from the judgment of the trial court, based upon a jury verdict, reversing the Court of Ordinary of Richmond County and ordering an instrument propounded by the appellee as the last will and testament of Wallace Everett Rushing, Sr. admitted to probate. It appears from the record before this court that Wallace Everett Rushing, Sr. died on September 1, 1964. Prior to the 22nd day of May, 1937, he and Mary G. Rushing were man and wife, but on that date they were divorced in the Superior Court of Richmond County. On the 5th day of May, 1951, Wallace Everett Rushing, Sr. and Helen Lucile Laney entered into a ceremonial marriage pursuant to a duly issued marriage license in the Panama Canal Zone. Thereafter, a final divorce decree between Helen Laney Rushing and Wallace Everett Rushing, Sr. was entered on the 8th day of May, 1963, in the United States District Court for the District of the Canal Zone, Balboa Division. In the meantime, Wallace Everett Rushing, Sr., on the 29th day of September, 1962, executed the instrument propounded as his last will and testament devising and bequeathing all of his property to his son, Wallace Everett Rushing, Jr., the pro-

pounder. The instrument propounded as a will made no provision in contemplation of subsequent divorce, and the ultimate question for decision here is whether under the provisions of *Code* § 113-408 as amended by the Act of 1952 (Ga. L. 1952, pp. 196, 197) the will executed by the deceased on September 29, 1962, approximately eight months prior to the granting of the divorce between the deceased and Helen Laney Rushing was revoked as a matter of law by such subsequently granted divorce. The decision of this ultimate question turns upon the question of whether or not the jury was authorized to find from the evidence adduced upon the trial of the case that, subsequent to the divorce between Mary G. Rushing and Wallace Everett Rushing, Sr., on May 22, 1937, the parties thereto contracted a valid common law marriage such as to render the subsequent marriage of Wallace Everett Rushing, Sr. and Helen L. Rushing in the Panama Canal Zone void because of the existence of such common law marriage. If the evidence did authorize such finding, then it would follow that Rushing's divorce from Helen Laney was a nullity and would not be effective to invalidate the instrument propounded as his last will and testament.

Without detailing all of the evidence adduced upon the trial it is sufficient to say that a careful examination of the evidence shows that the only testimony as to the existence of a valid common law marriage introduced by the propounder was the testimony of the propounder himself and two of his father's friends, co-workers and neighbors. The alleged common law marriage between Rushing, Sr. and Mary G. Rushing occurred sometime in 1941, and it appears without dispute from the testimony of Mary G. Rushing herself and all of the other witnesses, that Wallace Everett Rushing, Sr., and Mary G. Rushing resumed cohabitation, and that this cohabitation had all of the outward appearances of a bona fide marriage relationship. However, none of the witnesses testified that the parties ever actually held themselves out to the world as being man and wife. On the contrary, Mary G. Rushing testified without dispute that the deceased came back to Augusta and said that he had changed and that he wanted her to go back to him and that he would be willing to give the children the things she could not give them. She testified that on this occasion he said, "We *will* get married

again legally"; that they would go to Aiken and make it legal. She testified, however, that this was never done, and her testimony shows that she considered the whole arrangement between her and Rushing to be merely tentative, and that her consent to enter into that relationship was not such as to create a marriage contract *per verba de praesenti*. *Peacock v. Peacock,* 196 Ga. 441 (26 SE2d 608). It is a fundamental principle of contract law that the consent of both parties is required to make a contract. Mrs. Rushing's testimony in this regard is further corroborated by the fact that Rushing himself, when she finally separated herself from him and returned to Augusta from the Panama Canal Zone, immediately contracted and entered into a ceremonial marriage with Helen Laney, without obtaining or making any effort to obtain another divorce from Mary G. Rushing. The latter fact constitutes strong circumstantial evidence in itself that Wallace Everett Rushing, Sr. never considered himself to be lawfully married to Mary G. Rushing after their divorce in 1937, notwithstanding the fact that they cohabited both in Augusta and in the Panama Canal Zone for several years. The testimony of Mary G. Rushing showing that no marriage contract ever was entered into subsequent to her divorce was positive and uncontradicted testimony of an unimpeached witness, who was in the best position to know the facts, and it was perfectly consistent with the circumstantial evidence relied upon by the propounder. Such circumstantial evidence was insufficient to overcome her testimony. *Frazier v. Ga. R. & Bkg. Co.,* 108 Ga. 807 (1) (33 SE 996); *Taggart v. Savannah Gas 'Co.,* 179 Ga. 181 (1) (175 SE 491).

It follows that the superior court erred in overruling the caveator's motion for a new trial and in entering the final judgment for the propounder ordering the will admitted to probate.

*Judgment reversed. All the Justices concur.*

ARGUED DECEMBER 9, 1968—DECIDED JANUARY 23, 1969—
REHEARING DENIED FEBRUARY 6, 1969.

*Henry L. Whisenhunt, Jr.,* for appellant.
*Otis Askin, G. B. Hester, Jack W. Tarver, Jr.,* for appellee.