**NATIONAL LIFE & ACCIDENT INS. CO. v. ROBERSON.**

No. 26395.   May 18, 1937.

Rehearing Denied June 8, 1937.

William M. Franklin, for plaintiff in error.

Nowlin & Conner, for defendant in error.

WELCH, J. The parties here are referred to as plaintiff and defendant, as they appeared in the trial court, where Gertie R. Roberson, as plaintiff, secured judgment against the insurance company on a life insurance policy issued on the life of Mattie E. Suggs, mother of plaintiff.

The insurer defended on two grounds: One, the defense based upon alleged willfully false representations in the application for the insurance; and two, the defense based upon a provision in the policy, in substance, that liability was contingent upon the then good health of the insured.

The defendant now urges, among other grounds for reversal, that the trial court erred in overruling its demurrer to plaintiff's evidence and its motion for a directed verdict. We find, however, from the record that the plaintiff's evidence made out a prima facie case, and that after the close of defendant's evidence and plaintiff's rebuttal evidence there was conflicting evidence upon the issues of fact upon the defenses. These issues then were for determination by the jury. We have repeatedly so announced the rule. Sovereign Camp W.

O. W. v. Welch, 16 Okla. 188, 83 P. 547; Missouri, K. & T. Ry. Co. v. Perino, 89 Okla. 136, 214 P. 907; Allis Chalmers Co. v. Lamb, 174 Okla. 118, 49 P. (2d) 1071.

Defendant also urges error in the rejecting of the opinion evidence of Dr. Elmore as to the question of insured's sound health in September, 1929, when the policy was issued. The evidence discloses, however, that later, on redirect examination, this evidence was admitted.

Defendant urges error in the rejecting of evidence offered to show that certain other members of insured's household were afflicted with certain ailments some time prior to September, 1929. This was offered to show that it was more probable that insured was not in good health when the policy was issued and delivered. This point is not supported by authorities nor argued at length. We find no merit in it.

In several assignments of error the defendant questions the court's instructions to the jury. Our attention is directed to Home State Life Ins. Co. v. Jennings, 179 Okla. 39, 64 P. (2d) 304, and other cases where in actions on insurance policies the same defense on both grounds was presented. In the Jennings Case we reversed the judgment for error in failing to properly submit the second ground of defense to the jury. The defendant urges there was similar error here, but we do not so find it. Here the court gave an instruction requested by the defendant that if the insured was not in sound health when the policy was issued and delivered, then, as provided in the policy, there was no liability except to return the premiums paid, with interest. This instruction was not improperly burdened or conditioned, as was true in the Jennings Case. The other instructions may be slightly confusing as to the two defenses, but after the court also gave the defendant's requested instruction on this point at length there does not appear such serious objections to the instructions as a whole as should require a reversal. The jury should have been able to ascertain from all the instructions, and aided by proper argument of counsel, that there were issues of fact on both grounds of defense to be determined by the jury. The general verdict for plaintiff was such a determination against defendant, and we find no reversible error in the instructions.

The defendant also urges that the verdict is not supported by the evidence, it being contended in effect that the insured in September, 1929, was seriously afflicted with

pulmonary tuberculosis, 'and that she therefore was not in "good health" or in "sound health," as that term was used in the policy and construed in the Jennings Case, supra, 'and other cases. The burden was on the defendant to establish this defense as we said in the Jennings Case, and as we also held in the second and third paragraphs of the syllabus in Mid-Continent Life Ins. Co. v. House, 156 Okla. 285, 10 P. (2d) 718, and in National Life & Accident Ins. Co. v. Wicker, 171 Okla. 241, 43 P. (2d) 50; the issue being for determination by the jury in case of competent evidence from which different or opposite conclusions might be drawn, or evidence upon which reasonable minds might differ. Here there was evidence on each side of the question of more or less weight. The credibility of the witnesses and the weight and value of their testimony was for the jury to determine. Kali Inla Coal Co. v. Ghinelli, 55 Okla. 289, 155 P. 606; Seekatz v. Foltz, 118 Okla. 159, 247 P. 413, and Lowe v. Hickory, 176 Okla. 426, 55 P. (2d) 769.

There is nothing to indicate that the jury arbitrarily disregarded any competent evidence offered by defendant. The plaintiff relies upon the testimony of witnesses, including the state agent of defendant insurer, who had some association with the insured in September, 1929, in connection with the issuance of this policy. The jury verdict includes a determination that on the controlling date the insured was in sound health, and we cannot say that the conclusion is not supported by competent evidence.

Finding no reversible error, the judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, CORN, GIBSON, and HURST, JJ., concur. RILEY 'and PHELPS, JJ., absent.