**FOSTER v. COLONIAL STORES, Inc.**

No. 27436. Oct. 5, 1937.

Rehearing Denied Oct. 26, 1937.

Application for Leave to File Second Petition for Rehearing Denied Dec. 21, 1937.

Mills & Cohen, for plaintiff in error.

M. C. Rodolph and Harry C. Fair, for defendant in error.

OSBORN, C. J. Thomas S. Foster, hereinafter referred to as plaintiff, sued Joe R. Wilson and Colonial Stores, Inc., hereinafter referred to as defendants, in the district court of Tulsa county to recover damages for personal injuries sustained as a result of being run over by an automobile owned and driven by defendant Joe R. Wilson, alleged to be the "servant, agent and employee of Colonial Stores, Inc., acting within the scope of his employment", at the time the injury was sustained. Issues were joined and the cause was called for trial to a jury. Defendant Wilson defaulted and did not appear at the trial. At the close of the evidence the court sustained a motion for a directed verdict in favor of Colonial Stores, Inc. Judgment was rendered against Wilson for $20,000. From the order sustaining the motion for directed verdict, plaintiff has appealed.

But one question is presented for our de-

termination, that is whether or not the court erred in directing a verdict in favor of Colonial Stores, Inc. We will refer only to such evidence as is pertinent to this issue. Defendant corporation owned and operated a number of grocery stores and meat markets. Defendant Wilson was employed at the company's store located at Sixth street and Peoria avenue in Tulsa as a meat cutter; his duties did not require him to make deliveries of groceries or meats. On May 31, 1934, the store closed about 8:30 p. m. At approximately 9 o'clock the same evening plaintiff was crossing Sixth street at the intersection of Elgin avenue. At the same time the defendant Wilson was approaching the intersection driving a 1929 model Packard automobile at a high rate of speed. He turned west on Sixth street and struck plaintiff. Various witnesses testified that the car immediately slowed up and plaintiff managed to hold to the bumper and radiator cap to prevent being run over by the car; that almost immediately the defendant Wilson speeded up his car and drove at a rapid rate to the intersection of Sixth street and Detroit avenue, where he turned south. One F. A. Robinson testified that he saw the car strike plaintiff and that he pursued defendant Wilson and forced him into the curb between Sixth and Seventh streets on Detroit avenue; that plaintiff was still clinging to the bumper of the car; that defendant Wilson, while trying to pull plaintiff loose from the bumper, made the following statement:

"A. And he made the remark that he ought to have killed the old man, or words to that effect, and then he wouldn't have got his boss in trouble or lost his job."

The testimony of this witness was corroborated by the testimony of other bystanders. It is further shown that there were two boxes of groceries in Wilson's car. Z. C. Davis, a police officer of the city of Tulsa, testified that he was called to the scene and directed defendant Wilson to report to the police station; that said defendant requested permission to deliver the groceries in his car before reporting to the station, which permission was granted by the officer. The record shows that the defendant company did not maintain a regular delivery service, but that on various occasions, as a matter of accommodation to certain customers, the clerks did make deliveries.

It is the contention of the plaintiff that in the light of the evidence to which we have referred the trial court should have submitted the issue of liability of Colonial Stores, Inc., to the jury, but an analysis of the evidence offered discloses that the trial court did not err. The evidence is not positive that defendant Wilson was making a delivery of groceries for the store. The inference that defendant was delivering the groceries to his own home is as reasonable as the inference that they were being delivered to a customer of the store. The evidence is undisputed that delivering groceries was no part of Wilson's regular duties. There is no evidence that he was specially directed or authorized by anyone in authority in the store to make such delivery of groceries. On the contrary, the evidence offered by defendant corporation is positive that he received no such direction.

It is argued that the statement made by defendant Wilson that "he would get his boss in trouble" is a part of the res gestae and from such statement we may assume that he was engaged in his employer's business at the time plaintiff was injured by his negligent act. It is conceded that the statement of a purported agent uncorroborated by other evidence is incompetent to prove agency. Williams v. Mays Lumber Co., 149 Okla. 201, 299 P. 885. It is urged, however, that such a statement is admissible in corroboration of other facts and circumstances to prove agency, but, as heretofore pointed out, there is no other evidence in this record from which it might logically be inferred or presumed that such agency relation existed at the time of the plaintiff's injury.

The judgment is affirmed.

RILEY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. BAYLESS, V. C. J., and HURST, J., not participating. DAVISON, J., absent.