## OLD SURETY LIFE INSURANCE CO. v. HILL.

No. 30100. Sept. 9, 1941.

*116 P. 2d 910.*

Everett Rauh, of Alva, and E. L. Richardson, of Lawton, for plaintiff in error.

A. M. Reinwand, of Lawton, for defendant in error.

OSBORN, J. This action was commenced in the district court of Comanche county by Mary Hill, hereinafter referred to as plaintiff, against Old Surety Life Insurance Company, hereinafter referred to as defendant, wherein plaintiff sought recovery of the indemnity provided in a life insurance policy issued to William E. Hill during his lifetime. Plaintiff was the beneficiary under the policy. Issues were joined and the cause was tried to a jury and a verdict was returned in favor of plaintiff. From a judgment thereon, defendant has appealed.

The policy was issued on June 1, 1939, and the insured died on June 17, 1939. The application provided:

"I hereby agree that any policy of insurance issued to me on this application is not to take effect and be in force until delivered to me while I am in good health."

Defendant contends that the insured was not in good health on the date of delivery of the policy, and for reversal urges that the finding of the jury to the contrary is not sustained by sufficient evidence. In the case of Home State Life Ins. Co. v. Jennings, 179 Okla. 39, 64 P. 2d 304, we said:

". . . 'The general rule appears to be that the term 'good health,' when used in a policy of life insurance, means that the applicant has no grave, important or serious disease; and is free from any ailment that seriously affects the general soundness or healthfulness of the system. A mere temporary indisposition which does not tend to weaken or undermine the constitution, at the date of the policy, does not render the policy void. And it seems that an apparent condition of good health or anyone's belief that the insured is in good health is not sufficient.' This is the governing rule in our state, and a multitude of authorities are cited in its support."

The burden of proof was upon the defendant to prove that the policy was delivered while the insured was not in good health. Mid-Continent Life Ins. Co. v. House, 156 Okla. 285, 10 P. 2d 718; Home State Life Ins. Co. v. Turner, 183 Okla. 575, 83 P. 2d 832. The court instructed the jury as follows:

"By agreement of the parties involved in this case, the issues have been simplified and you are instructed that the defendant herein having admitted the execution and delivery of the insurance policy in question and having admitted the death of the insured and receipt of due proof of his death, and the undisputed evidence having shown that the premiums provided to be paid by the policy, were paid, and that payment of the policy has not been made, then your verdict should be for the plaintiff for the amount sued for, unless you find by a preponderance of the evidence, that is, by the greater weight of the evidence, that the insured, William E. Hill, was suffering from a serious ailment, prior to the delivery of the insurance policy in question to him, and that ailment continued and caused his death, in which event, you should find for the defendant.

"The term 'serious ailment' as used in this instruction means such an illness as permanently or materially impairs, or is likely permanently or materially to impair, the health of the insured.

"You are further instructed that a temporary indisposition which responds

readily to treatment, and does not affect the general health, does not render a person not in 'good health.'

"No. 2. If upon the delivery of the policy in question to the insured he was not in good health, as defined by these instructions, your verdict should be for the defendant, regardless of whether the insured knew his condition."

Dr. Cedric R. Johnson, D. C., testified for defendant that on June 1, 1939, he began treating the deceased for a carbuncle under his right arm; that on said date he made a general physical examination of deceased and found no condition that would affect his general health except the carbuncle for which deceased was being treated. This witness also testified that he diagnosed the cause of death as hepatic congestion of the liver, or of a failure of the liver to function. Dr. E. P. Hathaway testified for defendant that he was called to the home of deceased on the afternoon of June 17th, and made an examination of deceased and advised relatives of deceased that he was then in a dying condition. It was his view that the cause of death was heart failure; that it was impossible to state when the heart condition that caused the death may have developed, but from past experience with other patients it might have commenced to develop anywhere from a few months to a few years prior to the date of death.

Dr. Donald Angus testified in behalf of defendant that in his opinion it would take a longer period than 30 days to develop a hepatic congestion of the liver. It was also his opinion that a man with a carbuncle was not in good health. He further testified that in his opinion from a history of the case the cause of death was heart failure, and that he did not think that the heart condition could have started within a period of one or two months' time prior to the death of insured. Other lay witnesses were called and testified as to the general appearance of deceased and his ability to perform work from the date of delivery of the policy to the date of his death. The jury found that defendant failed to sustain the

burden of proof on the issue of the insured's good health on the date of the delivery of the policy. Said finding is hereby approved.

It is further urged that certain remarks made by plaintiff's counsel in the argument of the case to the jury were so improper, inflammatory, and prejudicial as to constitute cause for reversal. We have examined the argument of defendant in this connection and find the contention to be without merit.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and GIBSON and DAVISON, JJ., concur.