AMERICAN SAVINGS LIFE INS. CO. v. LOOMIS.

No. 29993. Nov. 17, 1942.

*131 P. 2d 65.*

John H. Cantrell and Joe A. McCloud, both of Oklahoma City, and G. Ellis Gable, of Tulsa, for plaintiff in error.

O. A. Cargill, Howard K. Berry, and O. A. Cargill, Jr., all of Oklahoma City, for defendant in error.

HURST, J. Plaintiff, Frances Loomis, sued to recover upon a policy of life insurance issued to her deceased husband, E. E. Loomis, by defendant, American Savings & Life Insurance Company. From a judgment on a verdict for plaintiff, defendant appeals.

Defendant makes several contentions, but in view of the fact that the case must be reversed, it is necessary to consider only one, the refusal of the trial court to give instruction No. 3 requested by defendant.

The policy was dated November 1, 1937, and was delivered to the insured about that time. It is incontestable after two years from date. Insured died December 7, 1938, in the Central State Hospital at Norman. The immediate cause of his death was lobar pneumonia. Three physicians testified that examinations of the insured, made by them after the policy was issued, showed that he was afflicted with neurosyphilis, or syphilis of the nervous system, which in their judgment existed long prior to the issuing of the policy by defendant, and that such disease had so weakened him as to cause him to be an easy victim of the pneumonia which caused his death. The first examination of insured after the policy was issued was made January 4, 1938, because of mental disorders which afflicted insured, and subsequently resulted in his insanity. The testimony of these physicians was to some extent controverted by plaintiff.

In its answer defendant, among other defenses, set up the following provision of the policy:

"No obligation is assumed by this company upon this policy until the first premium hereon has been actually paid during the lifetime and good health of the Insured."

It also set up this provision in the application for said policy:

"That if the first premium on the insurance hereby applied for is not paid in full at the time of making this application, there shall be no liability on the part of the company under this application unless and until a policy shall be issued and delivered to and received by the applicant and the first premium thereon paid in full during the applicant's lifetime and continued good health; . . ."

It alleged that at the time Loomis applied for the policy he was suffering from the fatal malady of neurosyphilis, with which he continued to be afflicted until his death, which resulted from said disease, and that therefore he was not in good health at the time he made application for the policy, or at the time the policy was issued, or at any time thereafter, and that, therefore, under the above provisions of the policy and application, there was no liability on the policy.

Defendant's requested instruction No. 3 embodied this theory of defense. The trial court refused to give the requested instruction, and defendant duly excepted. The trial court gave no instruction which submitted to the jury the defense that if the insured was not in good health when the first premium was paid and the policy was delivered she could not recover. In this the trial court erred.

We are committed to the rule that when, in an action on a life insurance policy containing a provision similar to the one above quoted, the defense of lack of good health when the policy was taken out is set up and evidence tending to support such defense is produced by the insurer, it is the duty of the trial court to submit such theory to the jury. Home State Life Insurance Co. v. Turner, 183 Okla. 575, 83 P. 2d 832; National Life & Accident Insurance Co. v. Roberson, 180 Okla. 265, 68 P. 2d 796; Home State Life Insurance Co. v. Jennings, 179 Okla. 39, 64 P. 2d 304; National Life & Accident Insurance Co. v. Wicker, 171 Okla. 241, 43 P. 2d 50, 100 A. L. R. 357, and note; 37 C. J. 403; 14 R. C. L. 900.

The evidence adduced by defendant was sufficient to make the condition of the insured at the time the first premium was paid (if it in fact was ever paid, upon which we express no opinion) a question of fact for the jury, and under the above authorities the trial court erred in refusing to so instruct the jury.

Reversed, with instructions to grant a new trial.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, DAVISON, and ARNOLD, JJ., concur. RILEY and BAYLESS, JJ., absent.