OKLAHOMA CITY v. LYCAN.

No. 30931. Oct. 12, 1943.

*141 P. 2d 1013.*

A. L. Jeffrey, Municipal Counselor, and J. L. Gowdy, Asst. Municipal Counselor, both of Oklahoma City, for plaintiff in error.

Bliss Kelley and Harold Dodson, both of Oklahoma City, for defendant in error.

CORN, C. J. This is an action for damages for personal injuries. The plaintiff alleged that she stepped on a lid or cover of a water meter box situated on the parking near the curb of a street in Oklahoma City, and the lid gave way and caused her to fall into the meter box hole, causing the injuries complained of. She was attempting to enter an automobile at the time of the accident, which occurred after dark in the evening, and the trees on the parking cast a shadow upon the ground from the street lights which prevented her from noticing the covering of the hole. She alleged in her petition that the meter hole was, and for several weeks prior thereto had been neglected and was in a defective condition in that grass and weeds had been allowed to grow over the top of the hole and that dirt and refuse had collected in the top of the hole so that the lid would not fit securely thereon, and when she stepped on the lid it slipped to one side and allowed her to fall into the hole, which was

about a foot and a half deep. Negligence on the part of the city was charged in failing to clear the grass and dirt and in not keeping the covering in a safe condition, and that the city had both actual and constructive notice of its defective condition. Oklahoma City owns and operates its water system of which this meter was a part.

Plaintiff alleged that her left leg was bruised and lacerated and the muscles and tendons bruised and sprained, as well as other muscles and tendons, which caused a prolapse of the womb with retrovariation, and prayed for damages in the sum of $2,500 to compensate for said injuries and for medical services in connection therewith.

For answer the city filed a general denial, and for further defense denied that it had either actual or constructive notice of any defective condition of the meter box. The answer specifically sets out that the accident occurred immediately before Halloween, and that numerous covers were removed during this time, and that the city had engaged a crew to replace them; that if the cover was removed, the city had no knowledge of it nor had sufficient time lapsed for it to have constructive notice.

The plaintiff filed a reply to the answer, alleging that the city was negligent in failing to equip the meter box with suitable fastening whereby it could not be removed by children or unauthorized persons and that the city had knowledge that it was not so equipped.

On these issues the case was tried and a verdict was returned for the plaintiff in the sum of $1,500. The parties will be referred to herein as they appeared in the trial court.

The first proposition presented by the city in its brief is as follows:

"It is the duty of the court, when requested, to submit by proper instructions to the jury, any material issue, theory or defense which the evidence tends to support."

Under this proposition the city contends that the plaintiff seeks recovery upon two acts of negligence: (1) Permitting the meter hole to become unsafe by reason of growth of grass and accumulation of refuse; (2) failure to equip the meter with a lock lid or fastener so that it could not be removed by third persons, and that the court failed to instruct the jury as to the duty of the city to provide a lid with a lock or fastener.

We do not think that such an instruction was necessary under the evidence in the case. In the first instance the plaintiff in her petition alleged negligence on the part of the city by permitting the growth of grass and accumulation of refuse over the rim of the meter hole which prevented the lid from resting securely in its place. The city alleged in its answer by way of defense that if the cover of said meter box was insecure, that on said date numerous manhole covers and meter covers were removed, as is customary immediately preceding Halloween, it engaged a crew of men to replace the same and used diligence in discharging its duty for the protection of the citizens of Oklahoma City, and that if the accident was caused by any defect, it had been in existence for only a few hours, and that sufficient time had not elapsed to give the city constructive notice. The plaintiff replied that if the cover had been recently removed by unauthorized persons, still the city was guilty of negligence in failing to provide a cover with a lock or fastening whereby the same could not be removed by children or unauthorized persons. This was only in reply to the city's theory or defense, and we find no evidence whatever in the record that this meter box cover had been molested by any unauthorized person. The allegation was based upon conjecture and was supported by no evidence, and we can see no reason for the submission of an instruction upon the abstract question of whether or not the failure of the city to provide its meter box covers with locks constitutes actionable negligence. The instructions given by the court properly cover any

172

issue of negligence that finds support in the evidence.

The city further contends that the court erred in admitting in evidence certain photographs of the scene of the accident.

It is contended that the photographs did not reflect the condition of the premises at the time of the accident, and that their admission without proof to that effect constituted reversible error.

These photographs were taken the next day following the night of the accident, and do not purport to show the exact situation at the time of the accident. Some of them show the open hole with the overhanging grass and another shows the location with the lid over the hole. They show that the parking at this place was unkept and was covered with a shaggy mat of grass. The plaintiff's evidence showed that the lid was over the hole when the accident occurred, and gave a sufficient explanation of the photographs, but the uncovered hole was photographed to show the condition which prevented the lid from resting securely in its place. The jury could judge for themselves whether the overhanging grass was a natural growth or whether it had gotten there overnight by some other means, and that apparently was the purpose of admitting them in evidence. We see here no violation of the rule that photographs, to be admissible, must be shown by extrinsic evidence to be a faithful representation of the place or subject, as it existed at the time involved in the controversy. In the case of St. Louis & S. F. R. Co. v. Dale, 36 Okla. 114, 128 P. 137, par. 4, of the syllabus, reads as follows:

"Photographs, duly verified, are admissible in evidence as aids to the jury in arriving at an understanding of the evidence, or the situation or condition or location of objects or premises, material and relevant to the issues."

The facts in this case are very similar to those shown in the case of Oklahoma City v. Jones, 177 Okla. 432, 60 P. 2d 617, wherein the city was held negligent in permitting grass and grass roots to grow over the rim of a sewer manhole which dislocated the cover and which caused a similar accident. In that case it was held that the city was chargeable with constructive notice of the defect which caused the injury.

Finding no reversible error in the record, the judgment is affirmed.

GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. RILEY and ARNOLD, JJ., absent.