NATIONAL AID LIFE INS. CO. et al. v. HONEA.

No. 32778. July 1, 1947.

Rehearing Denied Dec. 14, 1948.

*202 P. 2d 221.*

Savage, Gibson & Benefield, of Oklahoma City, for plaintiff in error.

Rutherford Brett, of Oklahoma City, for defendant in error.

CORN, J. This action was brought against the National Life Assurance Company, a corporation, to recover on a policy of life insurance issued December 30, 1936, by the National Aid Life Insurance Company to Herbert F. Lynch, wherein the plaintiff was named sole beneficiary. The plaintiff had judgment upon a jury verdict, and defendant has appealed.

October 12, 1945, plaintiff filed her verified petition alleging issuance of the policy, compliance with the terms and conditions thereof by both insured and plaintiff, death of insured on June 19, 1945, and making proof thereof, and defendant's refusal to pay according to the terms of the policy. Plaintiff then asked for judgment for the face amount of the policy ($1,000) with interest.

After numerous pleadings defendant filed a verified, amended answer, (and a subsequent amendment) wherein issuance of the policy was admitted, but liability was denied for the reason applicant made false and fraudulent warranties in the application for the policy, and in applications for reinstatement in May, 1938, and August, 1938, when insured applied for reinstatement after the policy had lapsed for nonpayment of assessments, said applications providing that insured warranted he was in good health; further, that the policy was not issued and delivered while applicant was in "good insurable health" according to the following provision of the policy:

"No liability is imposed upon the association until payment by me of

the full amount of the first premium hereon, or unless and until the association accepts this application and I have received into my manual possession while I am yet alive and *in good health,* the policy so applied for."

Plaintiff filed a verified reply, and on the issues formed by the verified pleadings a jury trial was had. At the trial defendant tendered back the amount of premiums paid ($182.88).

At the trial plaintiff introduced the policy and proof of insured's death, and a letter from the manager of the Veteran's Hospital where insured died, stating that a post-mortem examination revealed the existence of a malignant, abdominal tumor.

Defendant introduced records of the Veteran's Administration showing insured's admission to various hospitals, revealing he was admitted to the Muskogee hospital in 1934, with a medical diagnosis of neuro-syphilis and chronic, arrested tuberculosis; and that he had several periods of admission in the Muskogee hospital prior to admission to the North Little Rock (Arkansas) hospital in 1938. Insured was admitted to this hospital as a transfer from Muskogee on November 9, 1938, with diagnoses of "Phychosis, syphilis, meningo-encephalitic type, and Tuberculosis, pulmonary, chronic, minimal, arrested." Upon admission insured showed positive neurological findings and typical serological findings of paresis.

Insured's death certificate stated the cause of death as "Lymphosarcoma of aortic, illiac and cervical lymph nodes." Date of onset was unknown. Other conditions present showed "Psychosis with syphilis, Central Nervous System, Meningo-myelo encephalitic type." Date of onset was given as 1934.

At the close of the evidence both plaintiff and defendant moved for a directed verdict. The motions were denied and the matter submitted to the jury, under instructions from the trial court, who returned a verdict in favor of plaintiff.

For determination of this appeal it is necessary to consider only the contention, as urged by defendant, that the policy issued to insured was never in force and not binding upon defendant because not issued or delivered to insured while in good health.

It is defendant's theory that delivery of the policy to the insured while he was in good health was a condition precedent to the policy becoming effective, and the nonexistence of good health prevented this condition from being discharged. We agree with the defendant in this contention. The uncontroverted evidence showed the insured was suffering from an incurable disease when he applied for the policy, when it was delivered to him, and when he applied for reinstatement on two occasions. In such circumstances provisions of the insurance contract precluded the policy from becoming effective and binding upon defendant.

We have, within the past decade, considered the question of an insurer's liability where a policy contains provisions making sound health at the date of the delivery of the policy a condition precedent to recovery in the event of death. Although there is some diversity of holding among different courts, the rule as presently recognized in this state may be found in the following recent decisions:

Home State Life Ins. Co. v. Jennings, 179 Okla. 39, 64 P. 2d 304, wherein we followed the holding of the Kansas court which announced the general rule that "good health" means the applicant has no grave, important or serious disease, and is free from any ailment that seriously affects the general soundness or healthfulness of the body.

National Life & Accident Ins. Co. v. Roberson, 180 Okla. 265, 68 P. 2d

796, wherein it is pointed out that the issue as to sound health is for the jury where there is competent evidence from which different conclusions might be drawn.

Home State Life Ins. Co. v. Turner, 183 Okla. 575, 83 P. 2d 832, holding that the insurer may avoid liability by proof that upon the date the policy was delivered the applicant was seriously afflicted with a fatal malady which continued uninterrupted and in due course caused death. And that it is unnecessary for the insurer to go further and prove that the insured knew, when the policy was received, of the affliction or malady, or to prove the falsity of the statements in the application.

Old Surety Life Ins. Co. v. Hill, 189 Okla. 250, 116 P. 2d 910, following the rule in the Jennings case, supra, but requiring the insurer to prove lack of good health, although approving a jury verdict finding defendant did not sustain the burden of proof upon such issue.

National Life & Accident Ins. Co. v. Whitlock, 198 Okla. 561, 180 P. 2d 647, announcing the general rule that, where the question is whether the insured was in sound health at the time of issuance of the policy, the insurer's liability is to be determined by the actual or real condition of the insured, and not by his apparent health or anyone's belief or opinion as to his health.

The uncontroverted evidence established that the insured was not in sound health when the application for insurance was signed, or when the policy was issued. Under the rule announced in the cited cases, the policy issued never became effective and was not binding upon defendant.

The evidence wholly failed to sustain the judgment of the trial court, based upon the jury verdict. Where there is no evidence reasonably tending to sustain the verdict of the jury, same will be set aside by this court on appeal. Indian Territory Illumin-ating Oil Co. v. Henning, 179 Okla. 462, 66 P. 2d 83. The trial court erred in denying defendant's motion for a directed verdict.

Judgment reversed and cause remanded, with directions to enter judgment for defendant.

HURST, C. J., and RILEY, BAYLESS, WELCH, GIBSON, and ARNOLD, JJ., concur.

Rehearing Denied Dec. 14, 1948.