STRAHM et al. v. MURRY.

No. 33304.    Oct. 19, 1948.

*199 P. 2d 603.*

Mac G. Cohen, of Tulsa, for plaintiffs in error.

Frank Hickman, of Tulsa, for defendant in error.

CORN, J. Plaintiff originally brought this action in the justice court to recover for damages to his automobile, alleged to have resulted from defendants' ownership of a certain parking lot where automobiles were parked for a consideration, and that plaintiff's wife drove his Chevrolet automobile to the lot, where one of defendants' employees took charge of it for parking, defendants thus becoming bailees for hire. Further, while in defendants' custody, an employee negligently drove the car into a brick wall, resulting in extensive damage for which plaintiff sought to recover the sum of $150 as the reasonable cost of the necessary repairs, and $50 for loss of use of the car for a period of ten days. Defendants failed to answer and judgment was rendered for plaintiff for $193.14, actual cost of repairs, plus interest and costs. From this judgment defendants appealed to the common pleas court where the matter was tried to the court without a jury.

The testimony showed that on the day of the collision plaintiff's wife drove some 17 blocks through city traffic from their home to defendants' lot where control of the car was taken over by defendants' employee. An employee drove through the parking lot and, while attempting to make a turn into the alley, ran the car into the brick wall of the building across this alley. Late that afternoon plaintiff's wife returned for the car and saw its damaged condition, and was advised the car had been damaged by running into the building and that this had happened because the brakes did not work. Plaintiff also viewed the car that evening and was told that the car had no brakes.

It was brought out on cross-examination that plaintiff had purchased the car second hand about a year and half prior to the accident, and had never had the hydraulic brake system refilled with fluid. However, both plaintiff and his wife testified there had never been any trouble with the brakes, and the wife testified that the brakes had worked properly while driving through traffic this particular day.

Defendants' evidence did not controvert the plaintiff's as concerned the bailment or the collision causing the damage. However, defendants introduced testimony to show the employee drove the car onto the lot at a low speed preparatory to parking, but was unable to stop the car. He then attempted to turn out of the lot and into the alley but failed to make the turn, striking the building. The testimony was that he did everything possible to avoid the collision but the brakes were defective and failed to hold and the collision resulted solely because of this defective condition.

Defendants introduced the testimony of an experienced mechanic who had been called to examine the car after the collision. He testified that there was no fluid in the master cylinder, and that an automobile in this condition, traveling 20 miles per hour, could not be stopped within 45 feet on a clean,

dry surface; that this type of brake should be refilled every four or five months. After inspecting the car the witness refilled the brake system and found that there were no leaks and that the brakes then were in good condition and the witness stated that it was his opinion that the brake fluid had been allowed to run out, which resulted in the car suddenly losing all braking facilities.

The evidence supporting plaintiff's claim for damages for the reasonable costs of repairs consisted of the introduction of the repair bill, in the amount of $193.14, rendered by the garage which made the repairs, together with plaintiff's testimony that there was nothing wrong with the car before the collision, and that the repairs shown by the statement were necessarily made as a result of the accident.

Upon the issues presented by the pleading and evidence, the trial court made a general finding in favor of plaintiff, fixing the amount of plaintiff's recovery at $193.14. The argument in behalf of the assignments of error upon which defendants rely for reversal of this judgment may be considered under two general propositions: First, that the judgment entered is contrary to the law and the evidence. Second, that the trial court erred in assessment of the amount of plaintiff's recovery.

Defendants urge that they were relieved of the usual presumption of negligence which obtains against a bailee for hire, since the evidence affirmatively established that the collision, and damage, was not caused by any means which ordinarily and reasonably would seem to be unavoidable, and did not result from any want of care upon the bailee's part. See Stone v. Case, 34 Okla. 5, 124 P. 962, 43 L. R. A. (N. S.) 1168, relied upon by defendants.

While the propriety of the rule urged by defendants is unquestioned, it is apparent that the evidence at the trial presented an issue of fact for determination of the court. The plaintiff's testimony was that the brakes of the car were in good order, that it had been operated by his wife under normal driving conditions and through the city traffic on that day and the brakes operated properly. The defendants' evidence was all directed toward establishing that the brake system was without fluid, that this condition would cause the brake failure, and that the collision resulted solely from failure of the brakes to hold. Upon this conflicting testimony it was the duty of the trial court to determine the issues. In such case the rule is settled that where there is any evidence tending to support the trial court's judgment, the same will not be disturbed on appeal. Seval v. Hunt, 198 Okla. 227, 177 P. 2d 673.

Defendants strenuously contend that plaintiff was bound to affirmatively prove defendants' negligence and when defendants established the failure of the brakes, plaintiff then was bound to go further and affirmatively establish defendants' negligence under the rule in Stone v. Case, supra. Hence defendants urge that plaintiff cannot prevail because he failed to assume the burden of going forward with this proof. We already have pointed out that the testimony was in conflict. Under such circumstances the trial court was not bound to accept as true the defendants' evidence tending to substantiate their theory of defense when plaintiff's evidence was sufficient to reasonably support the trial court's finding. Determination of the credibility of the witnesses is a question for the trier of facts, and not of the Supreme Court on appeal. See Jones v. Spencer, 197 Okla. 608, 173 P. 2d 745 National Life & Accident Ins. Co. v. Roberson, 180 Okla. 265, 68 P. 2d 796.

Defendant next contend the amount of the judgment rendered is erroneous and excessive. It is urged that plaintiff's bill of particulars only sought $150 as the reasonable cost of repairs to the car, plus $50 for loss of use of the car. Upon the latter demand plaintiff intro-

duced no evidence and the trial court's judgment gave no relief upon this item, hence, this issue necessarily passes from consideration.

Although the amount of recovery was exactly the same as the amount shown by the evidence as being the necessary cost of repairs, plaintiff's pleading was never amended to conform to the proof in this respect. The judgment rendered was entered upon a complaint which alleged the reasonable cost of necessary repairs to plaintiff's automobile to be $150. While the evidence was sufficient to support the amount of the judgment, it is clear that the trial court's judgment was for an amount greater than plaintiff sought to recover under the allegations of his complaint. A judgment for damages in an amount greater than that sought in the complaint cannot be sustained, although supported by evidence.

Inasmuch as the evidence supports a judgment in the amount asked by plaintiff, the judgment herein is affirmed upon the condition that within 15 days of receipt of the mandate herein by the trial court, the plaintiff file a remittitur in the amount of $43.14, otherwise the judgment will stand reversed and remanded for a new trial.

HURST, C. J., and RILEY, BAYLESS, WELCH, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.