POLLARD et al. v. GRIMES.

No. 33399.   Oct. 18, 1949.

*210 P. 2d 778.*

Jarman, White & Jarman, of Oklahoma City, for plaintiffs in error.

Wm. R. Herring and W. Walter Hentz, both of Oklahoma City, for defendant in error.

LUTTRELL, J.   This is an action brought by J. C. Grimes against Joe Evans and Grover Pollard to recover for damage to his automobile, and damages for personal injuries as the result of an automobile collision between a car owned and driven by him and a truck being driven by defendant Evans.

It is alleged that the truck was owned by defendant Pollard, and that a collision occurred which was due solely to the negligence of defendant Evans. Plaintiff seeks to hold defendant Pollard liable on the theory that Evans was his servant and employee at the time the collision occurred. It is alleged that the collision occurred at the intersection of North Kelham and Northeast Sixth streets in Oklahoma City.

Defendant Evans answered by way of general denial and defendant Pollard defended on the theory that Evans in driving the truck on the date of the accident was not acting as his agent, servant, or employee, and, in the alternative, that if it be found that Evans

was then his servant and employee, he was not at the time acting within the scope of his employment.

The action was tried to a jury, resulting in a verdict and judgment against both defendants.

Defendant Pollard has appealed and has made defendant Evans a party to the appeal. No errors, however, are assigned in behalf of defendant Evans. The evidence clearly shows that the collision occurred as alleged in plaintiff's petition, and that it was due solely to the negligence of Evans. The verdict is amply supported by the evidence as against the defendant Evans. Counsel does not otherwise contend. The judgment against defendant Evans is therefore affirmed.

Defendant Pollard, hereinafter referred to as defendant, demurred to plaintiff's evidence, and at the conclusion of all the evidence moved the court for a directed verdict in his favor. Both demurrer and motion were overruled. These rulings were assigned as error.

The evidence offered on behalf of plaintiff is substantially as follows: The collision as alleged in his petition occurred on Sunday evening, December 9, 1945, at about 5 o'clock; that defendant Pollard was then engaged in the paper-hanging and painting business, and defendant Evans was then engaged in a like business; that immediately after the collision paper-hanging tools and wall paper were seen and discovered in the truck driven by Evans; that Evans was then dressed as a working man; that Pollard paid his fine on a prosecution for driving the truck in violation of a city ordinance; that Evans stated, when and where is not shown by the evidence, that he was working for and employed by Pollard; that sometime thereafter plaintiff learned through Evans that the truck was owned by Pollard. This, in substance, constitutes the evidence offered by plaintiff for the purpose of establishing that Evans at the time of the accident was the servant and employee of Pollard. Defendant contends that the evidence is wholly insufficient to establish such fact and that the trial court therefore erred in overruling his demurrer to the evidence. Assuming that the trial court did so err, such error is not now available to defendant. He did not stand on his demurrer but after the demurrer was overruled offered evidence on his own behalf.

Defendant admitted that he was the owner of the truck driven by Evans at the time of the accident. He testified that Evans was working for him and that he employed Evans; that he entered into contracts for hanging paper and as to part of such contracts he obtained Evans to hang the paper; that he was paid for such services 30 cents per roll. Later in his testimony, however, in answer to more or less leading questions propounded by counsel, he stated that such work as Evans performed for him he performed as an independent contractor; that Evans employed men to assist him in the work and had complete control over them as to the time, place and manner in which the work should be performed. Still later in his testimony Pollard testified that he and Evans worked together as partners.

It is apparent that Pollard did not pretend to know or testify as to the exact legal relation which existed between him and defendant Evans, but that he was simply attempting to explain as best he could the circumstances and conditions under which they were operating. The evidence is not altogether clear as to the exact relationship which existed between them. We think, however, the evidence taken as a whole is sufficient to sustain the conclusion that the real relationship then existing between Evans and Pollard was that of employer and employee. Defendant further contends that, assuming the evidence sufficient to establish such fact, plaintiff has still failed to make out a prima facie case; that he was required to go further and prove not only that Evans was at the time

of the accident his servant and employee, but should have further proved and established that he was then acting within the scope of his employment.

Plaintiff, however, contends that, since the evidence shows that Evans was driving the truck at the time of the accident, that he was then the servant and employee of Pollard, and that Pollard was the owner of the truck, the presumption was that Evans was then acting within the scope of his employment, and that plaintiff was not required, in order to make a prima facie case, to affirmatively prove such fact. We think this constitutes a correct statement of the law. We have so held in Kramer v. Nichols-Chandler Home Building & Brokerage Co., 93 Okla. 227, 220 P. 338; Lee v. Pierce, 112 Okla. 212, 239 P. 989, and Claxton v. Page, 190 Okla. 422, 124 P. 2d 977.

Such presumption, however, is not conclusive, but is merely a prima facie or disputable presumption, and may be overcome by evidence to the contrary.

It is well established that in such case, where defendant owner of the car shows by clear and convincing evidence, which is undisputed and not inherently improbable, that his employee and driver of the car at the time of the accident was not acting within the scope of his employment, but was then using the car on a mission of his own, the presumption thus created is thereby completely dispelled, and that under such state of facts, the trial court commits error in denying defendant's motion for directed verdict. McCullough v. Harshman, 99 Okla. 262, 226 P. 555; Stumpf v. Montgomery, 101 Okla. 257, 226 P. 65; De Camp v. Comerford, 134 Okla. 145, 272 P. 475; Claxton v. Page, supra.

Defendant Pollard contends that the evidence offered by him was sufficient to overcome the presumption relied upon, and that there was therefore no issue of fact to be submitted to the jury. With this contention we agree. Defendant testified that he did not give Evans permission to use the truck on the day of the accident; that he did not know that Evans intended to use the truck; that the truck was parked at his home in the yard; that the key was left in the ignition; that he always left the key so inserted. The evidence shows it was impossible to remove the key. He further testified that he was not at home at the time Evans took the truck, but that he was at that time attending church and did not know that Evans took the truck until he arrived home from church; that Evans was not using the truck on that day in performing any service for him; that Evans did no work for him on that day. Evans likewise so testified. He testified that he had no permission from Pollard personally to use the truck on that day; that he was the owner of a radio; that the radio was out of repair; that he had a friend living several miles in the country who repaired radios; that his car was that day out of running order; that he went to the home of defendant and the truck was standing parked in the yard. The key was in the ignition; that defendant habitually left the key so inserted; that the key in some manner hangs and that it is impossible to remove it by hand; that Pollard was away from home at the time he took the truck; that after having gained possession of the truck he loaded the radio on the truck and, in company with his son, a small child, took the radio to his friend in the country to be repaired, and visited with him during the day; that the collision as herein detailed occurred on his way home from that trip; that his child was with him in the truck at the time the collision occurred; that the wall papers referred to by the witnesses as having been discovered and seen in the truck after the accident were scraps and remnants of paper left over from completed jobs; that such scraps were invariably left in the truck and they were never regularly removed. This evidence is undisputed. No evidence has been offered by plaintiff tending to prove the contrary.

Plaintiff, however, refers to the evidence showing that paper-hanging tools

and scraps of paper were seen in the truck after the accident, and contends that such evidence was sufficient to take the case to the jury; that the jury was at liberty to infer therefrom that Evans at the time of the accident was on his way home from work then being performed by him for Pollard. In support of this contention he cites and relies upon the case of Claxton v. Page, supra. In that case it appears that one W. E. Page was the owner of a family car; that he employed Viola Buffington as the family cook and authorized her to use the family car in transporting groceries from the grocery store to the home of the family; that upon an occasion when Viola Buffington was driving the car a collision occurred between the car driven by her and and the car driven by another party, resulting in personal injury to the person so driving the other car. An action was brought against Page to recover damages as a result of such injury. The action was based on the theory that Viola Buffington in driving the car was acting as the agent, servant and employee of Page. The defense was that Viola Buffington on the day on which the accident occurred was not using the car for the purpose of transporting groceries but was using the same on a mission of her own. She so testified. Plaintiff in that case offered evidence establishing that after the accident packages of groceries were seen in the car driven by Viola Buffington and that the accident occurred on a street leading from the grocery store directly to the home of the family. We held this circumstance sufficient to take the case to the jury; that the jury might reasonably have inferred from such evidence that Viola Buffington was using the car to transport groceries from the grocery store to the home of the family at the time fo the accident. We fail to see how the facts in the above case can be made applicable to the facts in the present case. The case furnishes no aid in arriving at a conclusion in this case.

There is no evidence in this case tending to show that defendant Pollard had on hand any paper-hanging contracts in the vicinity or locality in which the accident occurred, or at any place in the direction from which Evans was traveling at the time of the accident.

The jury was not at liberty to infer from the circumstances relied upon that Evans was on his way home from the work of hanging paper for Pollard at the time of the accident. Foster v. Colonial Stores, 181 Okla. 414, 74 P. 2d 114.

Plaintiff at the trial of the case evidently realized the weakness of his position in this respect, since he sought to elicit from Pollard on cross-examination that he then had on hand contracts for hanging paper in the vicinity and locality in which the accident occurred, or somewhere in the direction from which Evans was then traveling. In this he failed, as Pollard specifically testified that he had then on hand no such contracts in such vicinity or locality. No attempt has been made to dispute or contradict this evidence.

Since defendant Pollard has shown by clear and convincing evidence, which is undisputed and not inherently improbable, that Evans at the time of driving the truck was not acting for him or within the scope of his employment, but that he was then using the truck on a mission of his own, the prima facie presumption relied upon by plaintiff to establish his case was thereby completely dispelled, and the trial court should have sustained defendant Pollard's motion for directed verdict.

Judgment affirmed as to defendant Evans, and reversed as to defendant Pollard, with directions to enter judgment in favor of said defendant.

ARNOLD, V. C. J., and WELCH, CORN, GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.