122

George & George, of Ardmore, for plaintiff in error.

Champion, Champion & Wallace, of Ardmore, for defendant in error.

CORN, J. This is an action brought by Pocahuntas Thomas against Lincoln-Income Life Insurance Company to recover death benefits under a life insurance policy.

The policy was issued February 1, 1946, delivered on the 4th day of February, 1946, and covered the life of Novella Williams. Annie L. Richards was originally designated as beneficiary. Plaintiff was thereafter substituted in lieu of Annie L. Richards as beneficiary.

Insured made application for the insurance on the 14th day of January, 1946, and on the same day signed an application in which she stated that she was then in good health and that among other diseases she had never had tuberculosis. In the application she declared that the answers made in the application were true and further stated that such declaration was made in lieu of medical examination and agreed that the application became a part of the contract of insurance applied for. The policy contained a like provision.

Insured died on the 4th day of April, 1946. Her death was caused by tuberculosis.

The defendant as a defense pleaded nonliability under the policy for the reason that insured died as a result of such disease which she contracted prior to the delivery of the policy.

The trial resulted in a verdict and judgment for the plaintiff. Defendant appeals and for reversal, among other things, asserts that the verdict and judgment is not supported by the evidence and that the court therefore erred in denying its request for a directed verdict.

The evidence shows that insured was thirteen years of age at the time the policy was issued and delivered. Numerous lay witnesses, who had known and were acquainted with insured prior to and after the issuance and delivery of the policy, stated she was then regularly attending public school; that she continuously engaged in normal activities around the home; that she regularly did the family washing and ironing and did other household work and

continued to engage in normal activities; that she had not been sick, had consulted no doctor, did not cough, was not lean or thin looking and weighed 125 pounds; that this condition prevailed until some time the latter part of February, 1946, when she left to visit her grandparents in Texas.

Plaintiff testified that insured, prior to the time and after the delivery of the policy and until she went to Texas, resided in the home with her; that during all of this time she was in a healthy condition and did not complain of being ill until about the 8th day of March, 1946.

Dr. Johnson testified that one who continuously engaged in normal exercise and engaged in conducting normal activities, did not cough, and maintained normal weight, did not have any symptoms of tuberculosis.

The only evidence offered by defendant consisted of deposition of Dr. Dorsey. He testified that he operated a hospital and clinic at Fort Worth, Tex. Insured entered his hospital on the 14th day of March, 1946; that she then had tuberculosis; that she died as a result of such disease on April 4, 1946. The doctor, in answer to a question as to how long insured had been ill, stated he could not state positively, but that from a history of the case obtained from insured she probably had been ill at least a month and a half or two months or maybe more before she entered the hospital. This statement, however, was qualified by the following statement:

"I just can't determine how long. It is impossible to say."

The doctor then further qualified this statement as follows:

"I do not want to commit myself to say how long, because I don't know. There is no way to know unless you see her at the time she first began to suffer. I only saw her in the terminal—in the end of it, and I wouldn't know how long, sir. I don't want to go on record as stating so long, because you are going to have—that question can be debated either way."

It is asserted by defendant that since it has shown by the above evidence that insured had developed tuberculosis prior to the delivery of the policy, and since there has been offered no evidence to the contrary, it has completely established its defense to plaintiff's cause of action; that under the terms and conditions of the policy here under consideration, it was not required to go further and prove that insured was conscious or aware of the fact that she had developed tuberculosis prior to the time the policy was delivered.

If we agree with defendant that the evidence offered by it conclusively established such facts, we should be inclined to sustain such contention. Home State Life Ins. Co. v. Jennings, 179 Okla. 39, 64 P. 2d 304; Home State Life Ins. Co. v. Turner, 183 Okla. 575, 83 P. 2d 832.

The evidence, however, offered by it does not so conclusively establish such fact as to have required the court to hold or the jury to find that insured had developed tuberculosis prior to the delivery of the policy.

Dr. Dorsey in attempting to fix the probable date upon which the insured first developed such disease did not pretend to be accurate. His evidence in this respect is based more or less upon speculation and conjecture.

There is a total lack of evidence tending to show that insured had developed such disease or that she was not in good health as late as the last part of February, 1946, when she left for Texas, and that she first complained of being ill about the 8th day of March, 1946.

Dr. Johnson testified that certain complications may arise where a patient may die within six weeks after having first developed tuberculosis.

The medical evidence offered by defendant does no more than raise a mere probability that insured was not

124

in good health, or that she may have developed tuberculosis prior to the delivery of the policy.

Plaintiff was not required to prove in the first instance that insured was in good health and free from tuberculosis at the time the policy was delivered. The burden was on the defendant to establish such defense. Old Surety Life Insurance Co. v. Hill, 189 Okla. 250, 116 P. 2d 910; National Life & Accident Ins. Co. v. Roberson, 180 Okla. 265, 68 P. 2d 796.

It is within the province of the jury to determine from all the facts and circumstances in evidence as to whether it had met and discharged that burden. The jury found such issue against defendant and returned a verdict in favor of plaintiff. We cannot say that the verdict is not supported by competent evidence.

The trial court committed no error in denying defendant's motion for a directed verdict.

Defendant further contends that the trial court erred in permitting Dr. Johnson to testify that it is impossible to distinguish between pneumonia and tuberculosis from X-ray examination alone. It is contended this testimony was based upon a hypothesis wholly unsupported by the evidence and was wholly immaterial. Counsel for plaintiff conceded that the evidence was offered out of time; that it could only be offered in rebuttal but that he wished to finish with the witness and excuse him from attendance. The court ruled that unless the evidence was thereafter shown to be material and competent it would be excluded.

The deposition of Dr. Dorsey was thereafter offered in evidence in which the doctor stated:

"I made an X-ray picture that revealed that the left side of her chest was highly nodular, showing tuberculosis lesions on the left side; . . ."

Upon the offering of this deposition no further ruling was made by the trial court as to the admission of the evidence objected to. Assuming that this evidence was improperly admitted, we fail to see how its admission could in any manner have prejudiced the rights of defendant. The judgment will not be reversed because of the admission of this evidence.

Judgment affirmed.

ARNOLD, V.C.J., and WELCH, GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.