Roy RORING, Plaintiff in Error,

v.

Mickel HOGGARD, by his father and next friend, Tom Norman Hoggard, Defendant in Error.

No. 37960.

Supreme Court of Oklahoma.

May 20, 1958.

Rehearing Denied June 17, 1958.

George N. Otey, for Otey, Johnson & Evans, Ardmore, for plaintiff in error.

A. W. Mauldin, Duncan, Ritter & Collins, Ardmore, for defendant in error.

## PER CURIAM.

Defendant in error, a minor boy four years of age, brought this action through his father and next friend to recover damages from plaintiff in error and Jimmie P. Garrett for injuries allegedly inflicted by the said Garrett, as agent of plaintiff in error, in the course of his employment in the negligent operation of Garrett's vehicle. Trial was to a jury which returned a verdict for defendant in error upon which judgment was entered, and plaintiff in error appeals. Garrett does not appeal. We shall refer to the parties by their trial court designation.

The accident occurred as Garrett drove his vehicle past the point on a country road where a school bus was stopped prior to loading children for school. The plaintiff, whose father was driver of the bus, was near the school bus as Garrett approached and apparently moved in front of Garrett's truck as he was passing the bus. He was struck and received the injuries for which he now seeks to recover. No issue is made in this appeal of the negligence of Garrett in the operation of his vehicle.

In the first proposition presented it is argued that there is a lack of evidence to establish the agency relationship of Garrett to defendant. On this point the evidence discloses that defendant was engaged in what he referred to as the "bull dozing" business, i. e., earth moving with heavy tractor equipment; that Garrett was employed by him to operate a "dozer"; that Garrett's pay did not start until the dozer started; that Garrett had been notified by defendant the evening previous to the accident to report for work the next day; that he, at that time, asked Garrett "to go over and load the dozer where we could get to the job"; that on the following morning Garrett met defendant at the location of the equipment, loaded the dozer on a truck which defendant drove, and was following defendant to the job location when this accident occurred; that it was necessary "to carry diesel fuel and oil and grease and such as that * * *" to use in the tractor which Garrett operated; that defendant rented the vehicle owned by Garrett for the purpose of transporting this necessary fuel and equipment which was purchased and owned by defendant; that it was necessary that defendant own or rent a vehicle for this purpose; that defendant had formerly owned his own truck and furnished it for this purpose, but that Garrett had finally bought a truck which defendant thereafter rented when necessary, and for which he paid Garret "* * * each and every day that he used it * *"; that Garrett's truck was carrying this necessary fuel and equipment at the time of the accident. This evidence was sufficient to establish the liability of defendant for the actions of Garrett at the time of the accident. Corn v. City of Sapulpa, 188 Okl. 418, 110 P.2d 290; Claxton v. Page, 190 Okl. 422, 124 P.2d 977.

Principals are liable for the tortious acts of their agents where such acts are incidental to and done in furtherance of the business of the principal. Ada-Konawa Bridge Co. v. Cargo, 163 Okl. 122, 21 P.2d 1. As there is no dispute in the evidence of this action concerning the fact,

that Garrett was employed by defendant to operate the tractor on the day of the accident, we are only concerned with the status of Garrett at the time of the accident. Defendant contends that Garrett was "driving his own pick-up truck and was on his way to go to work"; that defendant had no control over Garrett's conduct and did not pay him for that day because he never operated the dozer that day. It seems to be his theory that Garrett's failure to work after the accident, because he was nervous, operates to change Garrett's status at the time of the accident. We do not follow this argument. The evidence was conflicting, but nevertheless contained testimony from which the jury could conclude that defendant directed Garrett to the place where the equipment was loaded for the purpose of assisting in the loading of the tractor and transporting it to the job location. At the time of the accident Garrett was following directly behind defendant on the road to the job. Whether or not his pay started when he helped load the tractor, the jury was authorized to conclude that he was nonetheless the servant of defendant in that endeavor and continued within the course of his employment up until the accident occurred. Defendant's viewpoint would produce the anomalous situation of his liability resting upon the use by Garrett of the tractor ignition switch. As we view it, Garrett's work on this day commenced when he loaded the tractor, and it cannot rationally be concluded that the operation of his vehicle thereafter to assist the defendant in moving the necessary supplies to perform their job was anything other than for the furtherance of defendant's business; especially since defendant rented Garrett's vehicle for this purpose. The employment contract concerning the payment of wages cannot be exclusively determinative of the employer's liability to third persons for the acts of his servant under the direction and control of the employer. Reeder v. Pincolini, 59 Nev. 396, 94 P.2d 1097. This action is not similar to Foster v. Colonial Stores, Inc., 181 Okl. 414, 74 P.2d 114, in which the evidence failed to disclose that the driver was acting within the scope of his employment on an errand for his employer. Elias v. Midwest Marble & Tile Co., Okl., 302 P.2d 126, and Wilson & Co., Inc., v. Shaw, 157 Okl. 34, 10 P.2d 448, are inapplicable for the same reason, for in each case the day's work was concluded and the employee was returning to his home.

The defendant also contends that the admission in evidence of two colored photographs of plaintiff which disclosed certain of the injuries to him constituted reversible error. We do not agree. The plaintiff's mother testified that the two photographs were accurate representations of plaintiff and his injuries resulting from the accident. The fact that they were colored photographs taken some five days following the accident does not render them inadmissible in view of the mother's testimony. Hayward v. Ginn, Okl., 306 P.2d 320; Oklahoma City v. Lycan, 193 Okl. 170, 141 P.2d 1013; Provident Life & Accident Ins. Co. of Chattanooga, Tenn. v. Everett, 177 Okl. 588, 61 P.2d 679. Defendant did not admit the nature and extent of plaintiff's injuries, and these photographs were certainly relevant on this issue as well as to aid the jury in its determination of the extent of pain and suffering incident to the injuries. The authorities cited by defendant involved staged photographs which situation, of course, is not the same as this.

The refusal of the court to submit certain requested instructions is likewise urged as reversible error. Initially, we must observe that defendant took no exception to the instructions given by the court. Requested instruction four concerned the issue of contributory negligence as related to a child. This issue was adequately covered in the instructions given by the court, and thus it was not error to refuse this instruction. Defendant's requested instruction ten concerned the measure of damages. This issue, too, was covered by the court's instructions which, in addition, excluded all consideration of permanent disability because of a failure of

proof. The requested instruction would also have limited the total recovery for temporary pain and suffering to the amount per day pleaded in the petition for this item on the theory that damages cannot be awarded in an amount greater than that claimed in the petition. It was not error to refuse this instruction. The petition concluded with an allegation of the total amount claimed for the physical injuries, including pain and suffering, which was considerably more than the verdict of the jury. Thus the judgment does not exceed the amount claimed on this item of damage as was the case of Strahm v. Murry, 200 Okl. 640, 199 P.2d 603. The specification of damage per day in the petition related to the measure of damage which is surplusage. Bowles v. Brown, 187 Okl. 264, 102 P.2d 837. The instruction given by the court correctly stated the measure of damage.

Finally, it is urged that the damages awarded are excessive. The evidence reasonable tended to prove that this plaintiff received multiple bruises, abrasions and cuts, a broken clavicle and concussion from the impact; that he developed nervous instability, nightmares, and lack of physical stamina; that he endured pain which caused him to cry intermittently for at least two weeks following the accident. The jury's verdict was for $1,130 which must have included the $60 of doctor's bills. "In an action for damages for personal injuries sustained, the court will not grant a new trial on the ground of excessive damages unless the amount awarded be so extravagant as to clearly show that the jury was actuated by passion, partiality or prejudice." Tulsa City Lines v. Geiger, Okl., 275 P.2d 325, 326. We do not believe that this verdict is excessive under that rule.

Affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, and JACKSON, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.