**Fred A. HINTERGARDT; Melody Ann Hintergardt, Plaintiffs–Appellants,**

v.

**OPERATORS, INC., Defendant–Appellee.**

No. 90–6080.

United States Court of Appeals, Tenth Circuit.

Aug. 7, 1991.

---

Roy S. Dickinson, Robert G. Grove, and Cherri Farrar of Robert G. Grove & Associ-

ates, Oklahoma City, Okl., for plaintiffs-appellants.

Kenneth R. Webster and Victor F. Albert of McKinney, Stringer & Webster, Oklahoma City, Okl., for defendant-appellee.

Before McKAY and LOGAN, Circuit Judges, and WINDER, District Judge.[*]

LOGAN, Circuit Judge.

This diversity case arises out of a traffic accident between plaintiff Fred A. Hintergardt's truck and defendant Operators Inc.'s truck, which was driven by an Operators' employee. A jury found that Operators' employee was acting outside the scope of his employment. Therefore, the district court entered judgment for Operators. Hintergardt now appeals.[1]

On the day of the collision, Steven Riley was driving a pickup truck that was owned and issued to him by his employer, Operators. Kerry Culver, another Operators' employee, was riding with Riley to Riley's home. Operators had a policy that employees were "absolutely required" to take the company's trucks home. II R. at 19. Employees were not to use the company trucks for personal matters except in emergencies.

On the way home, Riley met his wife, who was taking a sick cat to the veterinarian. Riley and Culver turned the truck around and took the cat to the veterinarian. At the veterinary clinic, Riley began to feel ill, so Culver assumed the driving responsibilities. Culver first drove to his own house and then set out to take Riley home.

About a mile short of the point of the employees' original deviation, Culver failed to yield the right-of-way and struck Hintergardt's pickup truck. Hintergardt suffered injuries and sued Operators. The jury found that Culver was acting outside the scope of his employment and therefore Operators was not liable. On appeal, Hintergardt asserts that the court erroneously

---

[*] The Honorable David K. Winder, United States District Judge for the District of Utah, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

instructed the jury on (1) the amount of proof required to rebut the presumption on the scope of employment, and (2) the applicable law on an employee's departure from and return to the scope of employment.

■ Hintergardt first argues that Operators should have been required to present clear and convincing evidence to rebut the presumption that Culver was acting within the scope of his employment. The district court instructed the jury that a preponderance of evidence would rebut the presumption. I R. tab 63, instr. 15.

In Oklahoma, evidence that the defendant's employee was driving the defendant's vehicle at the time of the accident establishes a rebuttable presumption that the employee was acting within the scope of his employment. *Pollard v. Grimes*, 202 Okl. 118, 210 P.2d 778, 780–81 (1949). The employer must then come forward with evidence to the contrary to overcome this presumption of law and create an issue of fact for the jury. *Stumpf v. Montgomery*, 101 Okl. 257, 226 P. 65, 68–69 (1924). The Oklahoma Supreme Court has characterized the level of evidence necessary to dispel the presumption as " 'some evidence.' " *Id.* 226 P. at 69 (quoting *Wigmore on Evidence* § 2491). In light of these cases, we believe the district court's instruction is a correct statement of the law, *see United States v. Pack*, 773 F.2d 261, 267 (10th Cir.1985), as well as consistent with the general rule that "[r]ebuttable presumptions in the civil law are normally overcome by a preponderance of the evidence," *Tafoya v. Sears Roebuck & Co.*, 884 F.2d 1330, 1337 (10th Cir.1989).

Hintergardt's reliance on *Pollard* is misplaced. The *Pollard* court held that the trial court erred in failing to direct a verdict for the employer when the evidence that the employee was not acting within the scope of his employment was clear and convincing. *Pollard*, 210 P.2d at 781. The *Pollard* court did not address the sufficiency of a lesser weight of evidence or the legal standard by which the jury is to determine if the employer has dispelled the presumption.

" 'It is ... well settled that, where the evidence offered to establish facts which would rebut [the] presumption is contradictory, the question is one for the jury; but, where the facts so offered are undisputed and uncontradicted, it becomes properly a question for the court.' " *Morris v. Cartwright*, 57 N.M. 328, 258 P.2d 719, 723 (1953) (quoting *Manion v. Waybright*, 59 Idaho 643, 86 P.2d 181, 186 (1938), and citing, *inter alia, Pollard*). *Pollard* exemplifies the uncontradicted facts situation.

■ Hintergardt also challenges the district court's instructions to the jury on the scope of employment. He first attacks Instruction No. 15, which states in pertinent part:

"You are further instructed that when an employer furnishes a vehicle for use to an employee, the employee is considered to be in the scope of his employment in going from home to work and from work to home. Once the employee arrives at home, he is no longer considered to be acting within the scope of his employment."

I R. tab 63, instr. 15. Hintergardt argues that this instruction forced the jury to find that Culver was no longer acting in the scope of his employment because he had already arrived at his house and foreclosed the jury's consideration of Culver's intent to serve Operators by taking Riley home.

Hintergardt's argument lacks merit. Instruction No. 15 plainly addresses legal presumptions and is a correct statement of the law, *see Tidal Pipe Line Co. v. Black*, 161 Okl. 136, 17 P.2d 388 (1932). Under Instruction No. 15, if the jury found that Culver had returned home from work, it could not *presume* that he was acting within the scope of his employment. The jury could, however, *find* that he was acting within the scope of his employment, based on other facts, including his intent to serve Operators. The court properly instructed the jury on other theories by which they could reach such a finding. *See* I R. tab 63, instrs. 11 (incidental authority; implied authority) & 14 (abandonment from and

return to employment; dual purpose/mixed mission).

■ Hintergardt next complains that the court's instruction on return to the scope of employment prejudicially limited the jury's inquiry to whether Culver had returned to the exact geographical point of departure. The court stated:

"An employee is acting outside the scope of his employment when he substantially departs from his employer's business by doing an act intended to accomplish an independent purpose of his own or for some other purpose which is unrelated to the business of his employer. During such a departure, the employee is outside the scope of his employment. However, *when the employee returns to the place where he abandoned his employer's business,* and resumes the employer's business, he is acting again within the scope of his employment."

I R. tab 63, instr. 14 (emphasis added). The instruction correctly states the law. *See Heard v. McDonald,* 172 Okl. 180, 43 P.2d 1026, 1027 (1935) (master not responsible for servant's acts until servant returned to the place where he abandoned the master's mission). Moreover, the court's instruction is virtually identical to the instruction that Hintergardt requested, *see* I R. tab 66, prop. instr. 10,[2] and did not preclude the jury from finding that Culver was on a "mixed mission," *see* I R. tab 63, instr. 14, ¶ 2 (mixed mission instruction).

AFFIRMED.

---

2. Hintergardt requested the jury to be instructed "that an employee that deviates or departs from the employer's service and pursues an independent mission of his own, can *return to the point of departure* and resume service for his employer." I R. tab 66, prop. instr. 10 (emphasis added).